## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| Mr. Vincent J. Kensil<br>10105 Brunette Ave.<br>Silver Spring, MD 20001, | ) **DEMAND TRIAL BY JURY**<br>)<br>) |
| Plaintiff, | ) |
| v. | ) |
| Union Labor Life Insurance Company<br>111 Massachusetts Avenue, N.W.<br>Washington, D.C. 20001-1461,<br>   Serve:<br>   Registered Agent<br>   Managing Agent | ) Civ. Act. No.<br>)<br>) Cal. No.<br>)<br>) Judge<br>)<br>) |
| and | ) |
| UnionCare, Inc.<br>111 Massachusetts Avenue, N.W.<br>Washington, DC 20001-1461,<br>   Serve:<br>   Registered Agent<br>   Managing Agent | ) |
| and | ) |
| ULLICO, Inc.<br>111 Massachusetts Avenue, N.W.<br>Washington, D.C. 20001-1461,<br>   Serve:<br>   Registered Agent<br>   Managing Agent | ) |
| and | ) |
| ULLICO Management Company, Inc.<br>111 Massachusetts Avenue, N.W.<br>Washington, D.C. 20001-1461, | ) |

S:\Kensil\Complaint of 9-8-05.wpd

05 2261

**FILED**

NOV 21 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

```
            Serve:                           )
            Registered Agent                 )
            Managing Agent                   )
                                             )
                                             )
            and                              )
                                             )
                                             )
Edward Grebow, President                     )
Union Labor Life Insurance Company           )
111 Massachusetts Avenue, NW                 )
Washington, DC 20001-1461,                   )
                                             )
            and                              )
                                             )
                                             )
Mark Ernest Singleton                        )
Union Labor Life Insurance Company           )
111 Massachusetts Avenue, NW,                )
Washington, D.C. 20001-1461,                 )
                                             )
            and                              )
                                             )
Mark M. Hill                                 )
3527 Marcey Creek Road                       )
Laurel, MD 20724-2912,                       )
                                             )
            Defendants.                      )
```

## COMPLAINT

(Age Discrimination Under D.C. Human Rights Act and ADEA)

### Parties and Jurisdiction

1. Plaintiff Vincent J. Kensil is a Maryland citizen, residing at 10105 Brunette Avenue, Silver Spring, MD 20001.

2. Defendant The Union Labor Life Insurance Company ("ULLICO Insurance") is a Maryland corporation, having its principal place of business at 111 Massachusetts Avenue, N.W., Washington, D.C. 20001-1461. Defendant ULLICO Management Company, Inc. is its

management entity.

3. Defendant UnionCare, Inc. ("UnionCare") is a Maryland corporation having its principal place of business at 111 Massachusetts Avenue, N.W., Washington, D.C. 20001-1461.

4. Defendant Edward Grebow is, based on information and belief, a citizen of Maryland. Grebow is the acting President of ULLICO Insurance, UnionCare, Inc. and ULLICO-Holding. He is sued in his personal and individual capacity, and in his capacity as an officer of defendant corporations.

5. Defendant Mark Ernest Singleton, based on information and belief, is a Maryland citizen. Singleton is the Senior Vice President and Chief Financial Officer of ULLICO-Insurance. He is sued in his personal and individual capacity, and in his capacity as an officer of defendant corporations.

6. Defendant Mark M. Hill is a Maryland citizen, residing at 3527 Marcey Creek Road, Laurel, Maryland 20724-2912, and until recently he was the Associate Vice President of ULLICO Insurance. He is sued in his personal and individual capacity, and in his capacity as an officer of defendant corporations.

7. This Court has jurisdiction over the subject matter of this action under D.C. Code § 13-423(a)(1) and (3), under the substantive provisions of the D.C. Human Rights Act, D.C. Code § 2-1401.01 to 2-1411.06 (2001). Plaintiff was employed in the District of Columbia continuously for years by the defendant corporations, which have their principal places of business n the District of Columbia. The individual defendants reside outside the District of Columba but caused injury within this jurisdiction and at all relevant times they worked in the District of Columbia. The acts complained of in this action caused injury within the District of

Columbia.

## Factual Background

### ULLICO

8. The Union Labor Life Insurance Company ("ULLICO Insurance") was founded in 1925 as a licenced insurer that is domiciled in Maryland where it was issued an insurance company license by the Maryland Insurance Department. Based on information and belief, it is in good standing as a Maryland domiciled insurer that is licensed to operate as a foreign insurance carrier by the government of the District of Columbia.

9. ULLICO Holding was formed in 1987 and it serves as the parent corporation to ULLICO Insurance and it is a holding company under Maryland insurance law. It files a consolidated federal and state tax return on behalf of its subsidiaries, which include ULLICO Insurance. (Annual Statement, 2003 at 19.4) Based on information and belief, ULLICO Holding has fewer than 500 shareholders. (Sen. Rep. 2004 at 7 N.5).

10. ULLICO Insurance operates under a service agreement with its subsidiaries and affiliates whereby it provides them with personnel and facilities in order to conduct their businesses, and in return, the subsidiaries and affiliates reimburse ULLICO Insurance for all costs and operating expenses. (*Id.*) In 2002 and 2003, ULLICO Insurance allocated costs and expenses to ULLICO Holding and ULLICO Management Company, Inc. ("ULLICO Management") of $7.69 million and $8.12, respectively. (*Id.*)

11. ULLICO Management provides corporate management services to the subsidiaries of ULLICO Holding.

12. UnionCare, Inc. is also a wholly-owned subsidiary of ULLICO Holding

(ULLICO, Inc. 2001 Annual Report at 31), which markets individual life and health insurance to union members through a network of independent insurance agents.

13.  ULLICO Holding has more than 12 wholly-owned subsidiaries (ULLICO, Inc. 2001 Annual Report at 31). Based on its amended and restated Article of Incorporation, the purposes of this corporation include the solicitation of life, health, property, and casualty insurance and annuity contracts.

14.  The stock of ULLICO Holding is restricted; it can be held only by international and national trade unions, their members, their members' benefit trusts and the directors and officers of ULLICO Holding. (ULLICO, Inc. Annual Report 2001 at 31)

15.  The business activities of ULLICO Holding include a broad range of financial services, which it provides principally to labor unions and their members. The insurance includes life and health insurance, managed care and administrative services, property and casualty insurance, advisory services, asset management and mortgage banking and servicing activities. (*Id*. at 31)

16.  Union Privilege, Inc. ("Union Privilege") is non-profit corporation that is organized under District of Columbia law. It markets financial products of the AFL-CIO and is the sole financial products marketing arm of the AFL-CIO.

17.  "UnionSecure" is a trade name that is held by an organization that is jointly operated by (1) Union Privilege, Inc. on behalf of the AFL-CIO, and (2) by ULLICO Insurance on behalf of ULLICO Holding. UnionSecure markets insurance products issued by a nationally known insurance company, the Hartford Financial Services Group, Inc. and its subsidiaries. In January 2004, ULLICO Holding and Union Privilege began operations of the organization that

has the trade name "UnionSecure."

18. UnionSecure, which can be informally viewed as a joint venture, is staffed by ULLICO Insurance and by Union Privilege.

### Vincent Kensil

19. Kensil is a seasoned insurance professional. He has worked in the industry for more than 30 years. He has specialized experience in direct marketing and during the last 14 years as 2003 years end, he had 14 years of experience in marketing to the members of unions.

20. Kensil graduated from Villanova University in 1965. He served as a 1st Lieutenant in the U.S. Army Special Forces from 1965 to 1969 in Vietnam and was awarded the Bronze Star.

21. Kensil was a regional sales manager for Mutual of Omaha from 1969 to 1972, Assistant Vice President for sales and marketing for the International Group Plans, Inc. from 1972 to 1975. He was President of KMS, Inc., a car warranty consulting firm from 1975 to 1980. From 1981 to 1982, Kensil was a product development manager for Bankers Life & Casualty Company, and from 1982 to 1986, he worked for GEICO insurance company, where he developed and managed a telemarketing, computer and sales support network.

22. In November 1989, Kensil started his career with ULLICO Insurance as an Account Executive engaged in direct marketing. He appointed Assistant Vice President in 1995. When he was discharged in December 31, 2003, he was a corporate officer of ULLICO Insurance and ULLICO Management.

23. In 2003, Kensil held the titles of Assistant Vice President of ULLICO Insurance and Assistant Vice President of UnionCare.

24. Before his termination, Kensil's most recent duties involved direct marketing and sales; identification and development of marketing programs; and formulation and implementation of corporate strategic plans.

25. On November 13, 2003, the acting president of ULLICO Insurance, defendant Grebow, telephoned Kensil, telling him very bluntly that his services of 14 years are no longer needed.

26. In early November 2003, defendant Hill, who had been previously seen at the offices of ULLICO Insurance for a short time, advised Kensil that he was taking over all of Kensil's marketing duties. At that time, Kensil's place of business was 1325 Massachusetts Avenue, N.W., Washington, D.C.

27. Defendant Hill assumed all day to day operating supervision of ULLICO Insurance's direct marketing groups, and he was given the title of "Assistant Vice President for Business Development." Hill was the pre-ordained less than 40-year old replacement of Kensil.

28. Kensil was kept on the payroll until December 31, 2003.

29. In May 2004, about four months after Kensil left defendants' employ, the his former marketing group was moved from 1325 Massachusetts Ave. N.W. to an office building located at 1125 15th Street. From the 15th Street location, Hill took over all duties and responsibilities of Kensil.

30. The president of the AFL-CIO's marketing arm is Leslie Tolf. She had been president and chief operating officer of Union Privilege, Inc. since 2000.

31. Told and Hill supervised staff and marketed insurance products under the same organization umbrella trade name, "UnionCare," from the same suite of offices located in the

commercial building located at 1125 15th Street, N.W., Suite 300, Washington, D.C. 20005.

32. Hill was given the title of chief operating officer.

33. Under the trade name "UnionSecure," the corporate defendants carry on the direct marketing activities that had previously taken place under the corporate umbrella of the defendant corporations.

## COUNT I

### (Age Discrimination under the DC Human Rights Act)

34. Plaintiff repeats and incorporates by reference each of the allegations set forth in paragraphs 1 through 33.

35. Defendants, corporate and individual, terminated Kensil unlawfully and in violation of the age discrimination law in the District, justifying an award of back pay, front pay, benefits and compensatory and punitive damages.

## COUNT II

### (Age Discrimination Under the DCHRA)

### (Age Discrimination Based on Disparate Impact under the DC Human Rights Act)

36. Plaintiff repeats and incorporates by reference each of the allegations set forth in paragraphs 1 through 35.

37. Defendants, corporate and individual, approved an unlawful plan that resulted in a disparate impact in violation of the District of Columbia Human Rights Act.

## COUNT III

### (Age Discrimination Under the ADEA)

38. Plaintiff repeats and incorporates by reference each of the allegations set forth in paragraphs 1 through 37.

39. Defendants terminated Kensil unlawfully and in violation of the age discrimination provisions of the ADEA, thereby justifying an award of back pay, front pay, benefits and compensatory and punitive damages. The EEOC issued a right to sue letter on this federal claim.

WHEREFORE, plaintiffs seeks judgment against (1) all corporate and individual defendants, jointly and severally, for compensatory damages to include back pay, front pay, lost benefits, and punitive damages of $ 1,000,000 under the DCHRA, Counts I and II, and (2) all corporate defendants, jointly and severally, for compensatory damages to include back pay, front pay, lost benefits, and punitive damages for the maximum amount allowed by the ADEA, under Count III, and (3) all corporate and individual defendants for equitable relief in the form of a mandatory injunction ordering the rehiring of plaintiff and an injunctive relief baring defendants from violating the age discrimination laws, and (4) the award of reasonable attorney's fees, and costs and expenses under the fee shifting provisions of the DCHRA and the ADEA, and (5) such further and additional relief as the court may deem just and equitable.

Respectfully submitted,

September 8, 2005

*[signature]*

C. Michael Tarone, Esquire
Bar No. 159228
Karl & Tarone
900 17th Street, NW, Suite 1250
Washington, D.C. 20006
(202) 293-3200

Counsel for Plaintiff
VINCENT KENSIL

### JURY DEMAND

Plaintiff herein hereby demands trail by jury on all issues so triable as a matter of law.

*[signature]*

C. Michael Tarone

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
10/31/2005
Log Number 510661363

**TO:** Theodore Green
ULLICO Inc.
1625 Eye Street, NW
Washington, DC, 20006

**RE:** Process Served in District of Columbia

**FOR:** ULLICO Management Company (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Vincent J. Kensil, Pltf. vs. Union Labor Life Insurance Company, et al., including ULLICO Management Company, Inc., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Initial Order, Summons, Complaint and Jury Demand |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, DC Case # 05-0007313 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/31/2005 at 11:55 |
| **APPEARANCE OR ANSWER DUE:** | 20 Days |
| **ATTORNEY(S) / SENDER(S):** | C. Michael Tarone 900 17th Street, N.W. Ste. 1250 Washington, DC, 20006 202-293-3200 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 791255846606 Email Notification, Marcelle Benjamin MBENJAMIN@ULLICO.COM |
| **SIGNED:** | C T Corporation System |
| **PER:** | Mark Diffenbaugh |
| **ADDRESS:** | 1015 15th Street, N.W. Suite 1000 Washington, DC, 20005 |
| **TELEPHONE:** | 202-572-3133 |



Page 1 of 1 / MD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

VINCENT J KENSIL
Vs.
UNION LABOR LIFE INSURANCE COMPANY

C.A. No.    2005 CA 007313 B

### INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JOHN M CAMPBELL
Date: September 9, 2005
Initial Conference: 9:30 am, Friday, December 09, 2005
Location:  Courtroom 517
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

__Vincent Kensil__
*Plaintiff*

vs.

__ULLICO Management Co. Inc.__
*Defendant*

Civil Action No. _____

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

__C. Michael Tarone__
Name of Plaintiff's Attorney

__900 17th St, NW, Ste. 1250__
Address

__Washington, DC 20006__

__202-293-3200__
Telephone

By _____
Deputy Clerk

Date __9-9-05__

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.