IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VINCENT J. KENSIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05 2261 ESH |
| | ) |
| THE UNION LABOR LIFE INSURANCE | ) |
| COMPANY, INC., *et al.*, | ) ORAL ARGUMENT REQUESTED |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
## FIRST AMENDED COMPLAINT

Under Federal Rule of Civil Procedure 12(b)(6), corporate Defendants UnionCare, Inc. ("UnionCare"), ULLICO Inc. ("ULLICO Inc."), ULLICO Management Company, Inc. ("ULLICO Management") and individual Defendants Edward Grebow ("Grebow"), Mark Singleton ("Singleton") and Mark Hill ("Hill") respectfully move the Court to dismiss all claims asserted by Plaintiff Vincent Kensil ("Plaintiff") against them under the District of Columbia Human Rights Act ("DCHRA").[1] Defendants base their motion on the following reasons:

1. Plaintiff fails to state any claims against Defendants Singleton, Grebow, Hill, UnionCare and ULLICO Inc.

2. Plaintiff failed to timely name Defendants UnionCare, ULLICO Inc., and the individual Defendants as parties to the EEOC administrative proceedings.

---

[1] Defendant The Union Labor Life Insurance Company concurrently, but separately, submits its Answer to Plaintiff's First Amended Complaint. Plaintiff's First Amended Complaint refers to The Union Labor Life Insurance Company as "ULLICO Insurance."

3. Plaintiff failed to name defendant ULLICO Management to the EEOC administrative proceedings.

WHEREFORE, all claims against Defendants should be dismissed because Plaintiff fails to state claims upon which relief may be granted. In support of this Motion, Defendants submit the attached Memorandum of Law.

                                      Respectfully submitted,

                                      _____/s/_____
                                      Neal D. Mollen (D.C. Bar #413842)
                                      John P. Isa (D.C. Bar #472212)
                                      PAUL, HASTINGS, JANOFSKY & WALKER, LLP
                                      875 Fifteenth Street, N.W.
                                      Washington, D.C. 20005
                                      (202) 551-1700

Dated: December 5, 2005                  Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VINCENT J. KENSIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05 2261 ESH |
| ) | |
| THE UNION LABOR LIFE INSURANCE ) | |
| COMPANY, INC., *et al.*, ) | ORAL ARGUMENT REQUESTED |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S**
**FIRST AMENDED COMPLAINT**

**I.   INTRODUCTION**

This should be a straightforward case of alleged age discrimination, brought by Plaintiff Vincent Kensil against his former employer, The Union Labor Life Insurance Company ("Union Labor Life").[1] Plaintiff, however, has unnecessarily complicated this case by inappropriately adding new parties.

Plaintiff's First Amended Complaint[2] drops all of his ADEA claims, including those against the individual defendants, in an apparent attempt to have the case remanded to the

---

[1] Union Labor Life has concurrently and separately filed its Answer to Plaintiff's First Amended Complaint. Plaintiff refers to Union Labor Life as "ULLICO Insurance" in his First Amended Complaint.

[2] All Defendants save Union Labor Life earlier filed a Motion to Dismiss Plaintiff's initial Complaint under Fed. R. Civ. P. 12(b)(6). That Motion has been rendered moot by Plaintiff's First Amended Complaint. This Motion seeks judgment as to those individuals and claims Plaintiff has not corrected in his First Amended Complaint.

Superior Court.³ This Court retains jurisdiction over the remaining claims at issue in this case, however, and it should dispose of those claims rather than accede to Plaintiff's rather obvious forum shopping. *See Zuurbier v. Medstar Health, Inc.*, 306 F. Supp. 2d 1, 4-6 (D.D.C. 2004) (holding that "a plaintiff cannot precipitate a remand by amending the complaint to eliminate the grounds upon which [federal] jurisdiction is based" and granting motion to dismiss). Because "[t]he same legal standards apply to both the ADEA and DCHRA claims," there is no reason this Court cannot decide the issues before it. *Goss v. George Washington Univ.*, 942 F. Supp. 659, 661 n.3 (D.D.C. 1996).

Unfortunately, Plaintiff did not take the opportunity in his First Amended Complaint to cure the core defects of his original complaint. He again names a host of corporate entities and individuals against whom he has made no substantive allegations and against whom, as a matter of law, he can have no viable claim.⁴

Finally, Plaintiff's Amended Complaint cannot cure the fact that this lawsuit simply comes too late for his claims against UnionCare, Inc. ("UnionCare"), ULLICO Inc. ("ULLICO Inc.") and ULLICO Management Company, Inc. ("ULLICO Management") (sometimes collectively referred to as "Corporate Movants") and the individual defendants. Plaintiff filed his

---

³ As discussed *infra*, Plaintiff's original and amended EEOC charges explicitly state that he is bringing claims under the ADEA. The DCHRA is never mentioned in the charges and claims under the DCHRA are raised implicitly by filing the charges concurrently with the D.C. Office of Human Rights.

⁴ ULLICO Inc., which Plaintiff appears to call "ULLICO Holding," is the parent corporation of several subsidiaries including UnionCare, ULLICO Management and Union Labor Life, Plaintiff's former employer at the time of the alleged wrong. Plaintiff appears to believe that because UnionCare, Inc., ULLICO Inc., ULLICO Management Company, Inc. and Union Labor Life are related corporate entities, they are all liable to him for his claims. As discussed *infra*, this is not the law. *See Richard v. Bell Atl. Corp.*, 976 F. Supp. 40, 51 (D.D.C. 1997) (on motion to dismiss, dismissing subsidiary of corporation and holding that plaintiffs failed to allege in their complaint that they were employees "discharged, disciplined or otherwise wrongfully treated in the terms and conditions of his or her employment with" the subsidiary).

2

original charge with the EEOC on April 7, 2004, but he identified only Union Labor Life as Respondent. He filed an amended charge on January 21, 2005, adding the Corporate Movants and individual Defendants Edward Grebow ("Grebow"), Mark Singleton ("Singleton") and Mark Hill ("Hill") as Respondents, but that amendment came after the one-year limitations period for a D.C. Human Rights Act claim had expired. For these reasons, the claims against Defendants UnionCare, ULLICO Inc., ULLICO Management, Grebow, Singleton and Hill fail to state claims upon which relief may be granted and should be dismissed.

## II.   STATEMENT OF FACTS[5]

### A.   Administrative Proceedings With EEOC

Plaintiff's termination claim accrued on November 13, 2003, when he was informed "in very blunt terms that his services of 14 years were no longer needed." First Am. Compl. ¶ 27. He filed his original, and timely, charge of discrimination under the federal Age Discrimination in Employment Act ("Original Charge") with the EEOC and the D.C. Office Of Human Rights on or about April 7, 2004, *see* Ex. 1 (Original Charge). First Am. Compl. ¶¶ 31-37; 42 U.S.C. § 1626.7 (300 days to bring claim under ADEA); D.C. Code § 2-1403.16 (one-year to bring claim under DCHRA). This Original Charge, however, alleges age discrimination under the ADEA only by Respondent Union Labor Life. *See* Ex. 1. None of the other Defendants named in the First Amended Complaint in this case was named as a Respondent in the Original Charge, none was served with notice of the Original Charge, and none was invited to mediate, conciliate, or

---

[5] The following facts are drawn from the allegations of the First Amended Complaint and from public documents in the EEOC file for Plaintiff, Charge No. 100-2004-00466. As discussed *infra*, this Court may consider these EEOC documents as part of the pleadings in determining a motion to dismiss. For purposes of this motion only, the factual allegations of the First Amended Complaint are presumed to be accurate.

otherwise participate in the EEOC's proceedings in the matter.[6] The sole Respondent to the Original Charge — Defendant Union Labor Life —attempted conciliation with Plaintiff unsuccessfully, and the EEOC requested a position statement solely from Union Labor Life. *See* Ex. 2 (August 23, 2004 EEOC Letter).

Plaintiff filed an amended charge ("Amended Charge") with the EEOC and D.C. Office of Human Rights on January 21, 2005. This Amended Charge named the Corporate Movants and individual Defendants Grebow, Singleton, and Hill as Respondents for the first time. *See* Ex. 3.[7] This Amended Charge, however, failed to give these new Respondents timely notice of Plaintiff's claim, as it came more than one year after the alleged discrimination.

By requesting a Notice of Right to Sue on June 23, 2005, Plaintiff's counsel unilaterally ended the administrative process before the EEOC could issue a final determination. *See* Ex. 4 (July 5, 2005 letter from EEOC with attached Notice of Right To Sue (Issued on Request)). The Notice was issued on July 5, 2005. *See id.* As a result of Plaintiff's unilateral termination of proceedings, none of the Corporate Movants were invited to mediate or conciliate the dispute, and neither were individual Defendants Grebow, Singleton, and Hill.

B.      **Facts Alleged In Plaintiff's First Amended Complaint**

1.      **General Allegations.** At the time Plaintiff was notified of his discharge in November, 2003, Plaintiff was an Assistant Vice President of Defendant Union Labor Life and Defendant ULLICO Management, First Am. Compl. ¶ 11; and Plaintiff worked for them in the District of Columbia. *Id.* Plaintiff baldly states that all named Defendants discriminated against

---

[6] Plaintiff was represented by his current counsel at least from May 12, 2004, just after the filing of the Original Charge, and if not earlier. This is a simple, verifiable fact of which this Court may take judicial notice. Fed. R. Evid. 201.

[7] Defendant ULLICO Management was not named in either the Original Charge or in the Amended Charge.

4

him on the basis of his age and that his claims arise under the District of Columbia Human Rights Act ("DCHRA"), First Am. Compl. ¶¶ 31-37, but he provides no factual allegations to substantiate that legal conclusion.

2. **Allegations About Defendant ULLICO Management.** Plaintiff names ULLICO Management as a Defendant and makes unsubstantiated allegations that he was an Assistant Vice President of ULLICO Management at the time of his discharge. First Am. Compl. ¶ 11. Plaintiff never mentioned or named ULLICO Management in any of the EEOC proceedings. Plaintiff makes no other allegations concerning ULLICO Management, nor does he name any individual in ULLICO Management that might have committed any wrongful act.

3. **Allegations About Defendant Singleton.** Aside from merely identifying Defendant Singleton as the Senior Vice President and Chief Financial Officer of Union Labor Life, First Am. Compl. ¶ 7, Plaintiff fails to assert any facts at all regarding Defendant Singleton.

4. **Allegations About Defendant UnionCare.** Plaintiff does not allege any discriminatory acts — or any acts at all — regarding Defendant UnionCare. The Complaint only alleges that (a) Defendant UnionCare is affiliated with Defendant Union Labor Life, First Am. Compl. ¶ 22; and (b) that, at some point in 2003, Plaintiff was its Assistant Vice President. *Id.* at ¶ 26. Plaintiff does not allege anywhere in the Complaint that he was employed by UnionCare at the time of his discharge.

5. **Allegations About Defendant ULLICO Inc.** Plaintiff does not allege any discriminatory acts — or any acts at all — regarding actions by Defendant ULLICO Inc. involving him and does not assert that he was employed by that Company.

6. **Allegations About The Individual Defendants.** The Complaint identifies each individual Defendant by position, but little else. First Am. Compl. ¶¶ 6-8. It alleges that

Defendant Hill replaced Plaintiff in the position from which Plaintiff was terminated, but that fact, if true, does not create any liability for Defendant Hill. *Id.* at ¶¶ 28-29. It alleges that Defendant Grebow notified Plaintiff that he was being terminated, but not that Grebow made the decision to do so. *Id.* at ¶ 27. The Complaint makes no substantive allegations at all regarding Singleton.

### III.   ARGUMENT AND CITATION OF AUTHORITY

#### A.   The Applicable Legal Standards

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint is to be "liberally construed in the plaintiff's favor, including any inferences derived from the *factual* allegations," *Slaby v. Fairbridge*, 3 F. Supp. 2d 22, 27 (D.D.C. 1998) (emphasis added), but the Court "is not required to accept inferences unsupported by the facts" or "accept plaintiff's legal conclusions." *Id. See also Murphy v. PriceWaterhouseCoopers, LLP*, 357 F. Supp. 2d 230, 237-38 (D.D.C. 2004) (same). In its examination, the court may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-26 (D.C. Cir. 1997).[8]

#### B.   Plaintiff Fails To State Any Claims Against Defendants Singleton, Grebow, Hill, UnionCare, and ULLICO Inc.

---

[8] In assessing a motion to dismiss, this Court may properly take judicial notice of and consider the materials in the administrative files of the EEOC and the D.C. Human Rights Commission to determine (1) the filing dates of the Original Charge and Amended Charge; and (2) the parties named as Respondents in the Original Charge and Amended Charge. *See, e.g., Dollinger v. State Ins. Fund*, 44 F. Supp. 2d 467, 472 (N.D.N.Y. 1999) (EEOC filings are integral to claims in employment discrimination complaints, are matters of public record for which the court may take judicial notice and are not a surprise to plaintiff); *Greene v. Term City, Inc.*, 828 F. Supp. 584, 587 n.1 (N.D. Ill. 1993) (EEOC charge submitted by defendant deemed as part of pleadings because EEOC proceedings were mentioned in complaint and were central to plaintiff's claims).

When a plaintiff fails to allege facts about a defendant sufficient to state a claim, that defendant is entitled to dismissal, even if the allegations *are* sufficient as to another defendant. *See, e.g., Playboy Enters., Inc. v. Meese*, 746 F. Supp. 154, 158 (D.D.C. 1990) (dismissing several defendants who "should not have been named as defendants in this action" because plaintiffs "failed to allege facts that require that those defendants remain in the case"); *Packer v. Garret*, 735 F. Supp. 8, 10 (D.D.C. 1990) (same premise). Here, Plaintiff fails to set forth any facts that Singleton, Hill, UnionCare,[9] or ULLICO Inc., wrongly discriminated against him on the basis of his age or that any of these Defendants had any control over the decision to terminate his employment.

Plaintiff's allegations as to Defendant Grebow are not materially more illuminating. Although Grebow is alleged to have informed Plaintiff that he was to be terminated (First Am. Compl. ¶ 27), he does not allege that Grebow actively played a role in making that decision — an essential allegation if Grebow is to be kept in this lawsuit as an individual defendant. Even if Plaintiff were able to prove every fact he has alleged in the First Amended Complaint, he would not be entitled to judgment against these individuals or entities, and, therefore, all claims against these Defendants should be dismissed for failure to state cognizable claims. *See Murphy*, 357 F. Supp. 2d at 237-38.

      C.    **Plaintiff Failed To Timely Name Defendants UnionCare, ULLICO Inc., And The Individual Defendants As Parties To The EEOC Administrative Proceedings**

Plaintiff did not name Defendant UnionCare, Defendant ULLICO Inc. or the individual defendants as Respondents in his Original Charge. He amended his Original Charge on January

---

[9] While Plaintiff claims to have been an Assistant Vice President of UnionCare in 2003, he does not claim to have been an Assistant Vice President or employed by UnionCare at the time of his termination.

21, 2005, but by that time the DCHRA's one-year limitations period had expired. A plaintiff cannot amend his charge to add new parties after the expiration of the period of limitations. *See, e.g., Webb v. Int'l Bhd. of Elec. Workers*, No. Civ. A. 04-3613, 2005 WL 2373869, at *7 (E.D. Pa. Sept. 23, 2005) (relation back provisions of 29 C.F.R. § 160.12(b) and 29 C.F.R. § 1628.8(c) do not include amending the charge to add a new respondent) (slip copy attached as Ex. 5); *Fuchilla v. Prockop*, 682 F. Supp. 247, 256 (D.N.J. 1987) ("[f]ailure to name a party is not included among those 'technical defects or omissions' for which a charge may be amended"); *Ridgeway v. Int'l Bhd. of Elec. Workers, Local No. 134*, 466 F. Supp. 595, 598 (N.D. Ill. 1979) ("although EEOC regulations provide for amendment with relation back they do not allow an untimely amendment to name a new defendant"). Thus, Plaintiff's claims against Defendants UnionCare and Defendant ULLICO Inc. and the individual defendants are barred and must be dismissed.

## D. Plaintiff Failed To Name Defendant ULLICO Management To The EEOC Administrative Proceedings

"[A] plaintiff may bring a Title VII action only 'against the respondent named in the [administrative] charge.'" *Thompson v. Int'l Ass'n of Machinists & Aerospace Workers*, 580 F. Supp. 662, 669 (D.D.C. 1984) (citing 42 U.S.C. § 2000e-5(f)(1)). *Accord EEOC v. Metzger*, 824 F. Supp. 1, 4 (D.D.C. 1993) ("[t]he general rule is that individuals not named in the EEOC charge may not be sued in a subsequent civil action . . . ."). "[T]he reason behind the requirement that allegations not contained in an EEOC charge cannot be contained in the complaint is that the defendant must have notice of the charge, and the EEOC must have the opportunity to investigate and conciliate the charge, in order to attempt to obtain voluntary compliance with Title VII." *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989).

Actual notice requires that a defendant have notice of the "charges against *it*." *Schnellbaecher*, 887 F.2d at 127 (emphasis in original). It is not enough that an individual or entity unnamed in the charge be aware that a charge had been filed against *someone else*, even when a related corporate entity was named. *See id.* (not enough notice for parent company even though the parent knew of the charges against subsidiary).

An exception to this statutory requirement exists where the unnamed party in an administrative proceeding has been "given actual notice of the EEOC proceeding or ha[s] an identity of interest with the party or parties sued before the EEOC." *Metzger*, 824 F. Supp. at 4 (referring to the identity of interest test set forth by *Glus v. G.C. Murphy*, 562 F.2d 880, 888 (3d Cir. 1977)). That is, where a sufficient identity of interest exists between the unnamed and named entities, the unnamed individual or entity effectively *had* notice of the proceeding, and had an opportunity to mediate the claims.

Plaintiff has the burden to show that the individuals and entities Plaintiff did not name in his Original Charge had a sufficient identity of interest with the sole entity named in the Original Charge — Union Labor Life — that the opportunity given to Union Labor Life to mediate the dispute effectively *was* an opportunity for these other individuals and entities. This test requires consideration of a variety of factors:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained [by the plaintiff] at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

9

*Johnson v. Palma,* 931 F.2d 203, 209-10 (2d Cir. 1991) (citing *Glus,* 562 F.2d at 888).[10]

None of these factors favor an exception in this case. (1) Plaintiff worked for Union Labor Life for 14 years (First Am. Compl. ¶ 9); he plainly had the opportunity to obtain whatever information he needed to frame a proper Charge. (2) The unnamed entities all have defenses that materially distinguish their position from that of Union Labor Life. Union Labor Life was, in fact, Plaintiff's employer and would be directly and indisputably responsible for any alleged unlawful discrimination. The other entities were not Plaintiff's employers, and even Plaintiff does not allege facts that would support liability against entities other than Union Labor Life. (3) Because of the facts listed in (2), claims against the Defendants other than Union Labor Life would have had little or no value, would likely have been the subject of early No Probable Cause determinations or jurisdictional dismissals, or could have been disposed of for nominal sums. Because these Defendants were not made respondents on a timely basis, none of Defendants except for Union Labor Life had the opportunity to press those issues during investigation or mediation. (4) No such representations were made or are alleged here.

The "identity of interest" exception is intended to protect parties "'not versed in the vagaries of Title VII and its jurisdictional and pleading requirements.'" *Tarr v. Credit Suisse Asset Mgmt.,* 958 F. Supp. 785, 794 (E.D.N.Y. 1997) (citing *Johnson,* 931 F.2d at 209). Such an exception is not available to claimants who, like Plaintiff here, were represented by counsel during the administrative proceedings. *See Thompson,* 580 F. Supp. at 669 (requirement to name

---

[10] The Sixth Circuit has set forth a similar test in determining whether to toll the requirement for untimely claims: "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing [the plaintiff's] rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement." *Weigel v. Baptist Hosp.,* 302 F.3d 367, 376 (6th Cir. 2002). None of these factors can be met by Plaintiff, especially in light of the fact that he was represented by counsel during the EEOC proceedings.

respondent in charge may sometimes be modified for procedural errors "on the part of complainants unrepresented by counsel," but no such modification is required of complainants who are represented by counsel and who were well aware of additional parties that had relationships to the claim but who were not timely named). *Accord Tarr,* 958 F. Supp. at 794 ("as a threshold matter, the exception 'only applies where the plaintiff [was] not represented by counsel' at the time of the EEOC filing") (citing *Sharkey v. Lasmo,* 906 F. Supp. 949, 954 (S.D.N.Y. 1995)).

## IV. CONCLUSION

Plaintiff fails to state claims upon which relief may be granted with regard to Defendants UnionCare, ULLICO Inc., ULLICO Management and individual Defendants Grebow, Singleton and Hill and, therefore, these Defendants must be dismissed.

Respectfully submitted,

_____/s/_____
Neal D. Mollen (D.C. Bar #413842)
John P. Isa (D.C. Bar #472212)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
875 15th Street, N.W.
Washington, D.C.  20005
(202) 551-1700

Dated:  December 5, 2005                Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2005, a copy of the foregoing Motion to Dismiss and Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint was sent via this Court's electronic filing system, as well as by first class, postage-prepaid U.S. Mail to:

C. Michael Tarone
Karl & Tarone
900 17th Street, N.W., Suite 1250
Washington, D.C. 20006
cmtarone@aol.com
(202) 293-3200

                                              /s/
                                         John P. Isa