**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VINCENT J. KENSIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05 2261 ESH |
| ) | |
| THE UNION LABOR LIFE INSURANCE ) | |
| COMPANY, INC., *et al.*, ) | ORAL ARGUMENT REQUESTED |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT THE UNION LABOR LIFE INSURANCE COMPANY'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

This Answer is submitted on behalf of corporate Defendant The Union Labor Life Insurance Company ("Defendant" or "Union Labor Life")[1] in response to Plaintiff Vincent Kensil's ("Plaintiff" or "Kensil") First Amended Complaint.[2]  Defendant hereby answers the First Amended Complaint as follows:

**Parties and Jurisdiction**

1.  In response to Paragraph 1 of Plaintiff's First Amended Complaint, Defendant admits that, based upon the most recent information available to it, Plaintiff is a Maryland citizen who resides at 10105 Brunette Avenue, Silver Spring, Maryland 20001.

---

[1] Plaintiff's First Amended Complaint refers to Union Labor Life as "ULLICO Insurance."

[2] In response to Plaintiff's First Amended Complaint, Defendants UnionCare, Inc., ULLICO Inc., ULLICO Management Company, Inc., Edward Grebow, Mark Singleton and Mark Hill have filed a Motion To Dismiss concurrently and separately with this Answer.  The motion seeks to dismiss the claims against these Defendants entirely.

2. In response to Paragraph 2 of Plaintiff's First Amended Complaint, Defendant admits that it is a Maryland corporation. Defendant denies the remaining factual allegations in Paragraph 2.

3. In response to Paragraph 3 of Plaintiff's First Amended Complaint, Defendant admits that ULLICO Inc. is a Maryland corporation. Defendant denies the remaining factual allegations in Paragraph 3.

4. In response to Paragraph 4 of Plaintiff's First Amended Complaint, Defendant admits that ULLICO Management Company, Inc. is a Maryland corporation. Defendant denies the remaining factual allegations in Paragraph 4.

5. In response to Paragraph 5 of Plaintiff's First Amended Complaint, Defendant admits that UnionCare, Inc. is a Maryland Corporation. Defendant denies the remaining factual allegations in Paragraph 5.

6. In response to Paragraph 6 of Plaintiff's First Amended Complaint, Defendant admits that Edward Grebow ("Grebow") is the President of Union Labor Life, UnionCare, Inc. and ULLICO Inc. Defendant denies the remaining factual allegations in Paragraph 6. The last sentence of Paragraph 6 is a legal conclusion to which no response is required. To the extent a response is deemed required, same is denied.

7. In response to Paragraph 7 of Plaintiff's First Amended Complaint, Defendant admits that Mark Ernest Singleton ("Singleton") is the Senior Vice President and Chief Financial Officer of Defendant. Defendant denies the remaining factual allegations in Paragraph 7. The

last sentence of Paragraph 7 is a legal conclusion to which no response is required.  To the extent a response is deemed required, same is denied.

8.  In response to Paragraph 8 of Plaintiff's First Amended Complaint, Defendant admits that, based on the most recent information available to it, Mark M. Hill ("Hill") is a Maryland citizen who resides at 3527 Marcey Creek Road, Laurel, Maryland 20724-2912. Defendant also admits that Hill was at one time Associate Vice President of Union Labor Life. Defendant denies the remaining factual allegations in Paragraph 8.  The last sentence of Paragraph 8 is a legal conclusion to which no response is required.  To the extent a response is deemed required, same is denied.

9.  In response to Paragraph 9 of Plaintiff's First Amended Complaint,  Defendant admits that Union Labor Life employed Plaintiff for approximately 14 years.  Defendant denies the remaining factual allegations in Paragraph 9.  The first sentence of Paragraph 9 is a legal conclusion to which no response is required.  To the extent a response is deemed required, same is denied.

10.  In response to Paragraph 10 of Plaintiff's First Amended Complaint, Defendant admits that Plaintiff filed a charge of discrimination based on his age "in violation of the Age Discrimination in Employment Act."  Defendant further admits that Plaintiff cross-filed his charge with the D.C. Office of Human Rights.  Defendant also admits that the EEOC issued a Notice of Right to Sue (Issued on Request) on or about July 5, 2005.  Defendant denies the remaining allegations in Paragraph 10.  Part of the first sentence of Paragraph 10 is a legal conclusion to which no response is required.  To the extent a response is deemed required, same is denied.

**Factual Background**

Plaintiff Vincent Kensil

11.     Defendant admits that Plaintiff was hired by Union Labor Life as an account executive in November 1989.  Defendant admits that Plaintiff was based and worked for Union Labor Life in the District of Columbia.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint, and the same are therefore denied.

12.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint, and the same are therefore denied.

13.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint, and the same are therefore denied.

14.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint, and the same are therefore denied.

Defendant ULLICO Insurance

15.     Defendant admits the allegations in Paragraph 15 of Plaintiff's First Amended Complaint.

16.     Defendant denies the allegations in Paragraph 16 of Plaintiff's First Amended Complaint.

### Defendant ULLICO Holding

17.     Defendant admits that ULLICO Inc. was formed in 1987 and serves as the parent corporation to Defendant. Defendant also admits that ULLICO Inc. is a holding company. Defendant further admits that ULLICO Inc. files a consolidated federal and state tax return on behalf of its subsidiaries, which include Defendant. Defendant denies the remaining factual allegations in Paragraph 17. Defendant also avers that whether ULLICO Inc. is a licensed insurance holding company under Maryland law is a legal conclusion to which no response is required. To the extent a response is deemed required, same is denied.

18.     Defendant admits the allegations in Paragraph 18 of Plaintiff's First Amended Complaint.

19.     Defendant denies the allegations in Paragraph 19 of Plaintiff's First Amended Complaint as they pertain ULLICO Inc. Defendant admits that the subsidiaries of ULLICO Inc. engage in some of these business activities.

20.     Defendant denies the allegations in Paragraph 20 of Plaintiff's First Amended Complaint.

### Defendant ULLICO Management

21.     Defendant admits that ULLICO Management Company, Inc. provides certain services to and for the benefit of the subsidiaries of ULLICO Inc. Defendant denies the remaining factual allegations in Paragraph 21.

Defendant UnionCare

22.     In response to Paragraph 22 of Plaintiff's First Amended Complaint, Defendant admits that UnionCare, Inc. is a wholly-owned subsidiary of ULLICO Inc. Defendant denies the remaining allegations in Paragraph 22.

Non-party Union Privilege

23.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint, and the same are therefore denied.

Non-party UnionSecure

24.     Defendant admits that UnionSecure is a trade name for a business arrangement involving Union Privilege, Inc. and Union Labor Life. Defendant further admits that UnionSecure markets insurance products. Defendant also admits that the operations of UnionSecure began on or about January 2004. Defendant denies the remaining allegations in Paragraph 24 of Plaintiff's First Amended Complaint.

Direct Evidence

25.     Defendant denies the allegations in Paragraph 25 of Plaintiff's First Amended Complaint.

The Events

26.     Defendant admits that Plaintiff held the titles of Assistant Vice President of Union Labor Life and Assistant Vice President of UnionCare at some point during 2003. Defendant

admits that Plaintiff's duties at Union Labor Life in 2003 involved direct marketing, sales and marketing programs. Defendant denies the remaining factual allegations in Paragraph 26 of Plaintiff's First Amended Complaint.

27.   Defendant denies the allegations in Paragraph 27 of Plaintiff's First Amended Complaint.

28.   Defendant denies that Hill "advised Kensil that he was taking over all of Kensil's marketing duties." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 28 of Plaintiff's First Amended Complaint, and the same are therefore denied.

29.   Defendant admits that Hill was given the title of Assistant Vice President, Business Development for Union Labor Life. Defendant also admits that Plaintiff was on Defendant's payroll until December 31, 2003. Defendant denies the remaining allegations in Paragraph 29 of Plaintiff First Amended Complaint.

30.   Defendant denies the allegations in Paragraph 30 of Plaintiff's First Amended Complaint.

## COUNT I
### (Age Discrimination under the DC Human Rights Act)

31.   Defendant incorporates and restates each of its responses to Paragraphs 1-30 of Plaintiff's First Amended Complaint, as set forth in full herein.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint.

## COUNT II

### (Age Discrimination Based on Disparate Treatment)

35. Defendant incorporates and restates each of its responses to Paragraphs 1-34 of Plaintiff's First Amended Complaint, as set forth in full herein.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint.

Defendant denies that Plaintiff is entitled to any of the relief identified in the last paragraph, beginning with "WHEREFORE", on page 8 of 9 of Plaintiff's First Amended Complaint.

Except as expressly admitted herein, Defendant denies each and every allegation set forth in Plaintiff's First Amended Complaint and demands strict proof thereof.

## **DEFENDANT'S DEFENSES**

1.	Plaintiff's First Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.	Plaintiff's claims for relief are barred if and to the extent they were not filed within applicable statutes of limitations.

3.	Plaintiff's claims for relief are barred if and to the extent they were not exhausted with the appropriate administrative agency.

4.	Plaintiff's claims for relief are or may be barred, in whole or in part, by the doctrines of estoppel and unclean hands.

5.	Plaintiff's First Amended Complaint is barred, in whole or in part, to the extent it contains allegations and claims which exceed or are inconsistent with those contained in the administrative charge of discrimination filed by Plaintiff.

6.	Defendant's actions with regard to Plaintiff were taken, made, and done in good faith and for legitimate, non-discriminatory, non-retaliatory, job-related business reasons.  To the extent actions were taken by any agent of Defendant in violation of the DCHRA, which is expressly denied, such actions would have been in violation of Defendant's policies and contrary to express instructions.  Defendant has at all relevant times engaged in good faith efforts to comply with applicable laws and otherwise acted within the scope of the exceptions to vicarious liability for punitive damages enumerated by the Supreme Court in <u>Kolstad v. American Dental Association</u>, 527 U.S. 526 (1999).

7. Plaintiff's First Amended Complaint is barred, in whole or in part, to the extent that it is alleged and unproven that anyone with supervisory authority over Plaintiff engaged in unlawful discrimination, which is specifically denied, because (a) Defendant exercised reasonable care to prevent and correct any such discriminatory, if any occurred, and (b) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant, or to otherwise avoid the harm he alleges in this action.

8. Plaintiff's First Amended Complaint, and each purported cause of action contained therein, is barred and fails to state facts sufficient to constitute a cause of action against Defendant to the extent that the injuries and damages allegedly incurred by Plaintiff were not the result of any acts, omissions or other conduct of Defendant, its agents, representatives or employees.

9. Plaintiff's claims for relief are limited if and to the extent he failed to mitigate or otherwise failed to act to lessen or reduce any of the damages alleged in Plaintiff's First Amended Complaint.

10. Plaintiff lacks a good faith factual basis for his claims in whole or in part, thereby entitling Defendant to an award of attorneys' fees, costs and expenses incurred in defending this action.

11. Plaintiff is not entitled to recover punitive damages from Defendant because Plaintiff has failed to allege facts sufficient to show, by clear and convincing evidence, that Defendant acted with malicious or reckless indifference to Plaintiff's rights or committed any knowing, wanton, intentional, or malicious act.

12. Defendant reserves the right pending the completion of discovery to assert any additional defenses which may exist.

WHEREFORE, having fully answered and responded to the allegations of Plaintiff's First Amended Complaint, Defendant respectfully requests that:

Plaintiff's claims be dismissed with prejudice in their entirety;

Each and every prayer for relief contained in Plaintiff's First Amended Complaint be denied;

Judgment be entered in favor of Defendant;

All costs, including reasonable attorneys' fees, be awarded to Defendant and against Plaintiff pursuant to applicable laws; and

Defendant be awarded such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/
Neal D. Mollen (D.C. Bar #413842)
John P. Isa (D.C. Bar #  472212)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
875 15th Street, NW
Washington, DC 20005
(202) 551-1738

Dated: December 5, 2005                    Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 5th day of December, 2005, a copy of the foregoing Defendant The Union Labor Life Insurance Company's Answer and Defenses to Plaintiff's First Amended Complaint was sent via this Court's electronic filing system, as well as by first class, postage-prepaid U.S. Mail to:

C. Michael Tarone
Karl & Tarone
900 17th Street, N.W., Suite 1250
Washington, D.C.  20006
cmtarone@aol.com
(202) 293-3200

                                                   /s/
                                          John P. Isa