UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Mr.  Vincent J.  Kensil, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civ. Act. No.05-cv-2261 (ESH) |
| Union Labor Life Insurance Company, | ) | |
| UnionCare, Inc., ULLICO, Inc., ULLICO | ) | |
| Management Company, Inc., Edward Grebow, | ) | |
| Mark Ernest Singleton, and Mark M. Hill, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION TO REMAND

Plaintiff Vincent J. Kensil respectively moves the Court to remand this action to the

District of Columbia Superior Court under 28 U.S.C. § 1367(c).

### FACTUAL BACKGROUND

Kensil filed the original Complaint in the Superior Court for the District of Columbia on

September 9, 2005 (Pl. Mot. Ex. #1).  On November 21, 2005, Defendants' filed a Notice of

Removal to this Court, representing that removal was proper under 28 U.S.C. § 1441 because the

original Complaint raised claims (i) under a federal statute, the Age Discrimination in

Employment Act, 29 U.S.C. § 633(a)[c] ("ADEA"), which authorizes a civil action in federal or

state court; and (ii) claims under the D.C. Human Rights Act, D.C. Code § 2-1401.01 to 2-

1411.06 (2001)("DCHRA"), which is a District of Columbia law.

Defendants' removal relied on federal question subject matter jurisdiction under 28

U.S.C. §1331 based on the ADEA claims.  Under the removed action at this stage, this Court has

supplemental jurisdiction over the DCHRA claims under 28 U.S.C. §1367(a).  The removal was

well grounded.

On November 28, 2005, because Defendants had not filed a responsive pleading, Plaintiff filed the First Amended Complaint (Pl. Mot. Ex. 2) as a matter of right, and without the need to first seek leave of court, under Fed.R.Civ P. 15(a). The First Amended Complaint asserts only claims based on the DCHRA.

Later that day, November 28, 2005, Plaintiff faxed a letter to Defendants' counsel that transmitted a copy of the First Amended Complaint bearing the date-stamp imprint of the Clerk of Court showing the date of filing as November 28, 2005, date. (Pl. Mot. Ex. 3).  The letter was followed with a call to Defendants' counsel advising that the First Amended Complaint had been filed.

On November 29, 2005, the next day, the filing of the First Amended Complaint was entered on the Court's electronic docket, and later that day Defendants filed an Answer (Pl. Mot. Ex. 7) to the original Complaint by Defendant, Union Labor Life Insurance Company ("ULLICO Insurance"). At the same time, Defendants filed a Motion to Dismiss (Pl. Mot. Ex. 6) claims in the original Complaint.

On November 29, 2005, ULLICO-Insurance filed Defendant The Union Labor Life Insurance Company's Answer and Defenses to Plaintiff's Complaint (Pl. Mot Ex. 7) and Defendants' Motion to Dismiss (Pl. Mot. Ex. 6).

On December 5, 2005, Defendants responded to the First Amended Complaint by filing Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss")(Pl. Mot. Ex. 8) and Defendant The Union Labor Life Insurance Company's Answer and Defenses to Plaintiff's First Amended Complaint (Pl. Mot Ex. 9).  At this time the Motion to Dismiss and the

Answer to the First Amended Complaint are properly before the Court.

On December 12, 2005, Plaintiff filed Plaintiff's Consent Motion To Stay Proceedings (Dkt. # 11) to stay action on the Motion to Dismiss pending resolution of the motion to remand.

The Amended Complaint states claims under the DCHRA only. The Plaintiff and Defendants are not diverse for purposes of 28 U.S.C. 1332. Even if, as Defendants argue, all Defendants that are the moving parties under the Motion to Dismiss are dismissed out, Defendants concede by their Answer to the original Complaint that ULLICO Insurance, which is a Maryland corporation claiming to have a principal place of business in Maryland, is not diverse; Plaintiff is a Maryland citizen.

The Motion to Dismiss raises legal arguments of first impression of state law with respect to a charge of discrimination that is timely filed with the Equal Employment Opportunity Commission ("EEOC") and that is cross-filed with the D.C. Office of Human Rights ("OHR") under the Worksharing Agreement between the EEOC and the OHR. (Mot. Ex. #4, #5.) The Motion to Dismiss states, but incorrectly, that Plaintiff had asserted claims in the original Complaint under the ADEA against the individual Defendants who were not the employer, under the incorrect reading that Plaintiff made out claims for individual liability under the ADEA. Under the Motion to Dismiss, Defendants sought dismissal of claims asserted in the original Complaint under the DCHRA against corporate and individual Defendants on grounds that those claims had not been tolled.

## SUBJECT MATTER JURISDICTION

In *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 128

L.Ed.2d 391 (1994), the Supreme Court stated:

> Federal courts are courts of limited jurisdiction. They possess only
> that power authorized by Constitution and statute, which is not to be
> expanded by judicial decree. It is to be presumed that a cause lies
> outside this limited jurisdiction, and the burden of establishing the
> contrary rests upon the party asserting jurisdiction.

511 U.S. at 377 (citations omitted)(emphasis added).

Because they have limited jurisdiction, federal courts have an ever-present obligation to

satisfy themselves of their subject-matter jurisdiction. *Grupo Dataflux v. Atlas Global Group,*

*L.P.*, 541 U.S. 567, 593, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) ("[B]y whatever route a case

arrives in federal court, it is the obligation of both district court and counsel to be alert to

jurisdictional requirements.")  Moreover, subject matter jurisdiction may be raised by any party or

court at any time.  541 U.S. at 571.

At the time of removal on November 21, 2003, this Court had supplemental jurisdiction

over the state law claims in the original Complaint under 28 U.S.C. § 1367(a), because the Court

had federal question jurisdiction based on the claims under the ADEA.

In the circumstance, since the First Amended Complaint has replaced the original

Complaint, as discussed below, the Court can in exercise of its discretion upon motion under 28

U.S.C. § 1367(c) decline to exercise its supplemental jurisdiction over the only claims that

remain, which are under the DCHRA.

Before the enactment of § 1367, the Supreme Court held that "a district court has

discretion to remand to state court a removed case involving pendent claims upon a proper

determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

In *National Organization for Women v. Operation Rescue*, 37 F.3d 646 (D.C.Cir. 1994), the Court of Appeals for the District of Columbia held that once the court finds there is a basis for federal jurisdiction over the case, the court must then "exercise its discretion, weighing factors of judicial economy, convenience, fairness to litigants, and comity, as to whether the court should retain the [state law claims]." *Id.* at 651. *See also Carnegie-Mellon*, 484 U.S. at 357 (Discretionary remand is essential for dealing with pendent claims "in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine").

## ARGUMENT

I.   **The Filing of the First Amended Complaint Was Made as a Matter of Right and Without Need to Seek Leave of Court under Rule 15(a)**

A plaintiff may amend a complaint filed in state court after defendant has removed the case to federal court once as a matter of right following removal if a responsive pleading has not been filed. Fed.R.Civ.P 15(a). A plaintiff may exercise the right to amend the complaint under Rule 15(a) even where the amendment eliminates the federal claims that had formed the basis for the removal in the first place to invoke federal question jurisdiction under 28 U.S.C. § 1441(b), and need not first seek leave of court.

The exercise of the right to remove an action from state court to federal court "[does] not serve to cut off plaintiff[]'s right to amend the[] complaint once as a matter of course." *American Bush v. City of South Salt Lake,* 42 Fed.Appx 308, 310 (10th Cir. 2002). Indeed, Rule 15(a) makes no mention of an exception to the right to amend for actions that were originally filed in

state court and that were removed to federal court. Additionally, Rule 15(a) makes no mention of a bar to the exercise of this right to amend where the amendment would eliminates the basis for asserting federal question jurisdiction under § 1441.

In *Chinn v. Belfer*, 2002 WL 31474189, * 7 (D. Or., June 19, 2002)(Mag. J.), the court held that "the plain language of [Rule] 15(a) admits no exception for cases removed to federal court" and in those decisions where exercising rights under Rule 15(a) for amending once as a matter of right the decisions relate to actions that were removed based on diversity jurisdiction based on the rationale that "[i]f after removal the plaintiff seeks to joining additional defendants whose joinder would destroy subject matter jurisdiction, the court my deny joinder, or permit joinder and remand the action to State court."*Id.*(citations omitted.) In *Chinn*, the plaintiff moved orally in open court to amend the complaint but the court concluded that plaintiff had a right to amend without leave under Rule 15(a) and the amendment complaint's elimination of the bases for federal question jurisdiction, and consequently removal to federal court, was permissible because

> the complaint has not been previously amended and no responsive pleading has been served, a plaintiff retains the right to amend the pleading 'as a matter of course' without leave of court <u>to eliminate federal question jurisdiction</u>.

*Id.* at *7 (emphasis added.).

In *Naples v. New Jersey Sports & Expo. Auth.*, 102 F.Supp.2d 550, 552 (D.N.J. 2000) the court held that plaintiff had an unfettered right to amend the complaint before a responsive pleading had been served without leave of court under Rule 15(a) where the amendment eliminated the federal claims that formed the jurisdictional basis for defendants to remove the action.

Although there is a line of cases that have read 28 U.S.C. § 1447(e) to create an exception to Rule 15(a) to the plaintiff's right to amend the complaint once before the filing of a responsive pleading without leave under Rule 15(a) if the amendment would the destroy jurisdiction on which the removal was based, this exception is not applicable amending the complaint to eliminate federal question jurisdiction. *Naples*, 102 F.Supp.2d at 552; *Grynberg Production Corporation v. British Gas, P.L.C.*, 149 F.R.D. 135, 136 (E.D.Tex. 1993); *Chinn,* 2002 WL 31474189 at *7.

Section 1447(e) restricts the right of a plaintiff to amend the complaint – not Rule 15(a). Under § 1447(e), if a plaintiff seeking to join additional defendants under Rule 15(a) would destroy diversity jurisdiction by doing so and with it the underlying subject matter jurisdiction of the court, the court has discretion to permit or deny joinder and remand to state court. When § 1447(e) comes into play, the court will examine several factors. *See e.g., Bevels v. American States Ins. Co,* 100 F. Supp. 2d 1309, 1312-13 (M. D. Ala. 2000.)

## II.     Supplemental Jurisdiction Should Be Declined Under § 1367

The four factors itemized under subsection (c) of §1367 are to be determined under the framework of *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) of "judicial economy, convenience, fairness and comity." *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265 (D.C.Cir.1995).

The motion to dismiss argues that specific factual allegations, Grebow, Hill, UnionCare and ULLICO-Holding are so lacking that the complaint should be dismissed. Defs. Mot. Dismiss at 6-7. Time consuming motions practice over state law claims under Rule 8 is unnecessary. The pleadings standard is motive.

To the extent to which notice must be given under the DCHRA when notice is based on a cross-filed charge of discrimination lodged with the EEOC had not been decided by the D.C. Court of Appeals and when individuals are named under the DCHRA, which provides for individual liability, when the charge is originally filed under a federal law such as the ADEA, has also not been decided.

The DCHRA is not a carbon copy of the ADEA, or Title VII for that matter, and engrafting federal exhaustion law onto the administrative process under the DCHRA in the context of the facts in this action is at the least problematic.

Comity dictates that these novel issues be addressed by the local courts.  The state law issues are based on state law claims that are the only remaining claims since all federal claims have been eliminated.  *See Carnegie-Mellon University*, 484 U.S. at 352.

## CONCLUSION

In light of the state law issues Defendants ask this court to resolve and the total absence of any substantive reason why the state forum chosen by Plaintiff is not more appropriately suited to resolve the legal issues and address the merits, this action needs to be remanded to the Superior Court.

WHEREFORE, Plaintiff requests that the court remand this action to the Superior Court for the District of Columbia.

Respectfully submitted,

December 22, 2005

_____/s/_____

C. Michael Tarone, Esquire
Bar No. 159228
Karl & Tarone
900 17th Street, NW, Suite 1250
Washington, D.C.  20006
(202) 293-3200

Counsel for Plaintiff
VINCENT KENSIL

## CERTIFICATE OF SERVICE

I, C. Michael Tarone, certify that on December 22, 2005, I served a copy of the foregoing motion on the parties herein electronically as follows:

Neal D. Mollen, Esquire
Paul Hastings
875 15th Street, N.W.
Washington, DC 20005

_____/s/_____

C. Michael Tarone, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Mr.  Vincent J.  Kensil, | ) |
| | ) |
|     <u>Plaintiff</u>, | ) |
| | ) |
|     v. | ) |
| | )   Civ. Act. No.05-cv-2261 (ESH) |
| Union Labor Life Insurance Company, | ) |
| UnionCare, Inc., ULLICO, Inc., ULLICO | ) |
| Management Company, Inc., Edward Grebow, | ) |
| Mark Ernest Singleton, and Mark M. Hill, | ) |
| | ) |
|     <u>Defendants.</u>     | )     |

## <u>ORDER</u>

Upon consideration of the Motion to Remand and Memorandum in Support, the

opposition thereto and the entire record herein, it is this _____ day of January 2006 hereby

ORDERED that the motion be and hereby is granted; and it is

FURTHER ORDERED that this action is remanded to the Superior Court for the District

of Columbia.

SO ORDERED.

_____
Ellen Siegel Huvelle
District Court Judge

Copies to: See Next Page

C. Michael Tarone, Esquire
Karl & Tarone
900 17th Street, NW, Suite 1250
Washington, DC 20006

Neal D. Mollen, Esquire
Paul Hastings
875 15th Street, N.W.
Washington, DC 20005