SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

Mr. Vincent J. Kensil
10105 Brunette Ave.
Silver Spring, MD 20001,

     Plaintiff,

v.

Union Labor Life Insurance Company
111 Massachusetts Avenue, N.W.
Washington, D.C. 20001-1461,
    Serve:
    Registered Agent
    Managing Agent

    and

UnionCare, Inc.
111 Massachusetts Avenue, N.W.
Washington, DC 20001-1461,
    Serve:
    Registered Agent
    Managing Agent

    and

ULLICO, Inc.
111 Massachusetts Avenue, N.W.
Washington, D.C. 20001-1461,
    Serve:
    Registered Agent
    Managing Agent

    and

ULLICO Management Company, Inc.
111 Massachusetts Avenue, N.W.
Washington, D.C. 20001-1461,

**DEMAND TRIAL BY JURY**

Civ. Act. No.    05-0007313

Cal. No.

Judge

*Must be Served within 60 days, or November 5, 2005*

S:\Kensil\Complaint of 9-8-05.wpd

[stamp:] RECEIVED Civil Clerk's Office SEP 0 9 2005 Superior Court of the District of Columbia Washington, D.C.

COPY
ORIGINAL

Serve:                                          )
Registered Agent                                )
Managing Agent                                  )
                                                )
and                                             )
                                                )
Edward Grebow, President                        )
Union Labor Life Insurance Company              )
111 Massachusetts Avenue, NW                    )
Washington, DC 20001-1461,                      )
                                                )
and                                             )
                                                )
Mark Ernest Singleton                           )
Union Labor Life Insurance Company              )
111 Massachusetts Avenue, NW,                   )
Washington, D.C. 20001-1461,                    )
                                                )
and                                             )
                                                )
Mark M. Hill                                    )
3527 Marcey Creek Road                          )
Laurel, MD 20724-2912,                          )
                                                )
Defendants.                                     )

## COMPLAINT

### (Age Discrimination Under D.C. Human Rights Act and ADEA)

#### Parties and Jurisdiction

1.     Plaintiff Vincent J. Kensil is a Maryland citizen, residing at 10105 Brunette

Avenue, Silver Spring, MD 20001.

2.     Defendant The Union Labor Life Insurance Company ("ULLICO Insurance") is a

Maryland corporation, having its principal place of business at 111 Massachusetts Avenue, N.W.,

Washington, D.C. 20001-1461. Defendant ULLICO Management Company, Inc. is its

management entity.

3.    Defendant UnionCare, Inc. ("UnionCare") is a Maryland corporation having its principal place of business at 111 Massachusetts Avenue, N.W., Washington, D.C. 20001-1461.

4.    Defendant Edward Grebow is, based on information and belief, a citizen of Maryland. Grebow is the acting President of ULLICO Insurance, UnionCare, Inc. and ULLICO-Holding.  He is sued in his personal and individual capacity, and in his capacity as an officer of defendant corporations.

5.    Defendant Mark Ernest Singleton, based on information and belief, is a Maryland citizen. Singleton is the Senior Vice President and Chief Financial Officer of ULLICO-Insurance.  He is sued in his personal and individual capacity, and in his capacity as an officer of defendant corporations.

6.    Defendant Mark M. Hill is a Maryland citizen, residing at 3527 Marcey Creek Road, Laurel, Maryland 20724-2912, and until recently he was the Associate Vice President of ULLICO Insurance. He is sued in his personal and individual capacity, and in his capacity as an officer of defendant corporations.

7.    This Court has jurisdiction over the subject matter of this action under D.C. Code § 13-423(a)(1) and (3), under the substantive provisions of the D.C. Human Rights Act, D.C. Code § 2-1401.01 to 2-1411.06 (2001). Plaintiff was employed in the District of Columbia continuously for years by the defendant corporations, which have their principal places of business n the District of Columbia. The individual defendants reside outside the District of Columba but caused injury within this jurisdiction and at all relevant times they worked in the District of Columbia. The acts complained of in this action caused injury within the District of

Columbia.

## Factual Background

### ULLICO

8.    The Union Labor Life Insurance Company ("ULLICO Insurance") was
founded in 1925 as a licenced insurer that is domiciled in Maryland where it was issued an
insurance company license by the Maryland Insurance Department. Based on information and
belief, it is in good standing as a Maryland domiciled insurer that is licensed to operate as a
foreign insurance carrier by the government of the District of Columbia.

9.    ULLICO Holding was formed in 1987 and it serves as the parent corporation to
ULLICO Insurance and it is a holding company under Maryland insurance law. It files a
consolidated federal and state tax return on behalf of its subsidiaries, which include ULLICO
Insurance. (Annual Statement, 2003 at 19.4)  Based on information and belief, ULLICO Holding
has fewer than 500 shareholders. (Sen. Rep. 2004 at 7 N.5).

10.    ULLICO Insurance operates under a service agreement with its subsidiaries and
affiliates whereby it provides them with personnel and facilities in order to conduct their
businesses, and in return, the subsidiaries and affiliates reimburse ULLICO Insurance for all
costs and operating expenses. (*Id.*)  In 2002 and 2003, ULLICO Insurance allocated costs and
expenses to ULLICO Holding and ULLICO Management Company, Inc. ("ULLICO
Management") of $7.69 million and $8.12, respectively. (*Id.*)

11.    ULLICO Management provides corporate management services to the
subsidiaries of ULLICO Holding.

12.    UnionCare, Inc. is also a wholly-owned subsidiary of ULLICO Holding

(ULLICO, Inc. 2001 Annual Report at 31), which markets individual life and health insurance to union members through a network of independent insurance agents.

13.     ULLICO Holding has more than 12 wholly-owned subsidiaries (ULLICO, Inc. 2001 Annual Report at 31). Based on its amended and restated Article of Incorporation, the purposes of this corporation include the solicitation of life, health, property, and casualty insurance and annuity contracts.

14.     The stock of ULLICO Holding is restricted; it can be held only by international and national trade unions, their members, their members' benefit trusts and the directors and officers of ULLICO Holding. (ULLICO, Inc. Annual Report 2001 at 31)

15.     The business activities of ULLICO Holding include a broad range of financial services, which it provides principally to labor unions and their members. The insurance includes life and health insurance, managed care and administrative services, property and casualty insurance, advisory services, asset management and mortgage banking and servicing activities. (*Id.* at 31)

16.     Union Privilege, Inc. ("Union Privilege") is non-profit corporation that is organized under District of Columbia law. It markets financial products of the AFL-CIO and is the sole financial products marketing arm of the AFL-CIO.

17.     "UnionSecure" is a trade name that is held by an organization that is jointly operated by (1) Union Privilege, Inc. on behalf of the AFL-CIO, and (2) by ULLICO Insurance on behalf of ULLICO Holding. UnionSecure markets insurance products issued by a nationally known insurance company, the Hartford Financial Services Group, Inc. and its subsidiaries. In January 2004, ULLICO Holding and Union Privilege began operations of the organization that

has the trade name "UnionSecure."

18.     UnionSecure, which can be informally viewed as a joint venture, is staffed by ULLICO Insurance and by Union Privilege.

### Vincent Kensil

19.     Kensil is a seasoned insurance professional. He has worked in the industry for more than 30 years. He has specialized experience in direct marketing and during the last 14 years as 2003 years end, he had 14 years of experience in marketing to the members of unions.

20.     Kensil graduated from Villanova University in 1965. He served as a 1st Lieutenant in the U.S. Army Special Forces from 1965 to 1969 in Vietnam and was awarded the Bronze Star.

21.     Kensil was a regional sales manager for Mutual of Omaha from 1969 to 1972, Assistant Vice President for sales and marketing for the International Group Plans, Inc. from 1972 to 1975. He was President of KMS, Inc., a car warranty consulting firm from 1975 to 1980. From 1981 to 1982, Kensil was a product development manager for Bankers Life & Casualty Company, and from 1982 to 1986, he worked for GEICO insurance company, where he developed and managed a telemarketing, computer and sales support network.

22.     In November 1989, Kensil started his career with ULLICO Insurance as an Account Executive engaged in direct marketing. He appointed Assistant Vice President in 1995. When he was discharged in December 31, 2003, he was a corporate officer of ULLICO Insurance and ULLICO Management.

23.     In 2003, Kensil held the titles of Assistant Vice President of ULLICO Insurance and Assistant Vice President of UnionCare.

24.     Before his termination, Kensil's most recent duties involved direct marketing and sales; identification and development of marketing programs; and formulation and implementation of corporate strategic plans.

25.     On November 13, 2003, the acting president of ULLICO Insurance, defendant Grebow, telephoned Kensil, telling him very bluntly that his services of 14 years are no longer needed.

26.     In early November 2003, defendant Hill, who had been previously seen at the offices of ULLICO Insurance for a short time, advised Kensil that he was taking over all of Kensil's marketing duties. At that time, Kensil's place of business was 1325 Massachusetts Avenue, N.W., Washington, D.C.

27.     Defendant Hill assumed all day to day operating supervision of ULLICO Insurance's direct marketing groups, and he was given the title of "Assistant Vice President for Business Development." Hill was the pre-ordained less than 40-year old replacement of Kensil.

28.     Kensil was kept on the payroll until December 31, 2003.

29.     In May 2004, about four months after Kensil left defendants' employ, the his former marketing group was moved from 1325 Massachusetts Ave. N.W. to an office building located at1125 15th Street. From the 15th Street location, Hill took over all duties and responsibilities of Kensil.

30.     The president of the AFL-CIO's marketing arm is Leslie Tolf. She had been president and chief operating officer of Union Privilege, Inc. since 2000.

31.     Told and Hill supervised staff and marketed insurance products under the same organization umbrella trade name, "UnionCare,"from the same suite of offices located in the

commercial building located at 1125 15th Street, N.W., Suite 300, Washington, D.C. 20005.

32.    Hill was given the title of chief operating officer.

33.    Under the trade name "UnionSecure," the corporate defendants carry on the direct marketing activities that had previously taken place under the corporate umbrella of the defendant corporations.

## COUNT I

### (Age Discrimination under the DC Human Rights Act)

34.    Plaintiff repeats and incorporates by reference each of the allegations set forth in paragraphs 1 through 33.

35.    Defendants, corporate and individual, terminated Kensil unlawfully and in violation of the age discrimination law in the District, justifying an award of back pay, front pay, benefits and compensatory and punitive damages.

## COUNT II

### (Age Discrimination Under the DCHRA)

### (Age Discrimination Based on Disparate Impact under the DC Human Rights Act)

36.    Plaintiff repeats and incorporates by reference each of the allegations set forth in paragraphs 1 through 35.

37.    Defendants, corporate and individual, approved an unlawful plan that resulted in a disparate impact in violation of the District of Columbia Human Rights Act.

## COUNT III

### (Age Discrimination Under the ADEA)

38.    Plaintiff repeats and incorporates by reference each of the allegations set forth in paragraphs 1 through 37.

39.    Defendants terminated Kensil unlawfully and in violation of the age discrimination provisions of the ADEA, thereby justifying an award of back pay, front pay, benefits and compensatory and punitive damages. The EEOC issued a right to sue letter on this federal claim.

WHEREFORE, plaintiffs seeks judgment against (1) all corporate and individual defendants, jointly and severally, for compensatory damages to include back pay, front pay, lost benefits, and punitive damages of $ 1,000,000 under the DCHRA, Counts I and II, and (2) all corporate defendants, jointly and severally, for compensatory damages to include back pay, front pay, lost benefits, and punitive damages for the maximum amount allowed by the ADEA, under Count III, and (3) all corporate and individual defendants for equitable relief in the form of a mandatory injunction ordering the rehiring of plaintiff and an injunctive relief baring defendants from violating the age discrimination laws, and (4) the award of reasonable attorney's fees, and costs and expenses under the fee shifting provisions of the DCHRA and the ADEA, and (5) such further and additional relief as the court may deem just and equitable.

Respectfully submitted,

September 8, 2005

C. Michael Tarone, Esquire
Bar No. 159228
Karl & Tarone
900 17th Street, NW, Suite 1250
Washington, D.C. 20006
(202) 293-3200

Counsel for Plaintiff
VINCENT KENSIL

## JURY DEMAND

Plaintiff herein hereby demands trail by jury on all issues so triable as a matter of law.

C. Michael Tarone