LAW OFFICES
# KARL & TARONE
A PARTNERSHIP CONSISTING OF PROFESSIONAL CORPORATIONS

SUITE 1250
800 SEVENTEENTH STREET, N. W.
WASHINGTON, D.C. 20006

(202) 293-3200
FAX: (202) 429-1851

JOHN F. KARL, JR.°
C. MICHAEL TARONE*
WILLIAM P. FARLEY✝

* ALSO ADMITTED IN NY
✝ ALSO ADMITTED IN MD
° ALSO ADMITTED IN FL

November 28, 2005

By Fax: 202-551-0138

Neal D. Mollen, Esquire
Paul, Hastings, Janofsky & Walker
875 15th Street, NW
Washington, DC 20005

Re:   Kensil v. ULLOCO

Dear Neal,

The First Amended Complaint filed today is enclosed. We seek the Defendants' consent to a motion to remand the action to the D.C. Superior Court. As we left our conversation at about 4:30 p.m. today, I am interested in discussing the motion to remand with you.

I will be in the office until 5:15 p.m. today but I will be back first thing in the morning. We certainly consent to a motion for more time to file an answer while the remand issue is unresolved.

I look forward to hearing from you.

Thank you.

Very truly yours,

C. Michael Tarone

Enclosure

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



RECEIVED
NOV 28 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Mr. Vincent J. Kensil, ) | |
| ) | DEMAND TRIAL BY JURY |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civ. Act. No.05-cv-2261 |
| Union Labor Life Insurance Company, ) | |
| UnionCare, Inc., ULLICO, Inc., ULLICO ) | |
| Management Company, Inc., Edward Grebow, ) | |
| Mark Ernest Singleton, and Mark M. Hill. ) | |
| ) | |
| Defendants. ) | |

### FIRST AMENDED COMPLAINT
(Age Discrimination Under D.C. Human Rights Act)

#### Parties and Jurisdiction

1. Plaintiff Vincent J. Kensil is a Maryland citizen, who resides at 10105 Brunette Avenue, Silver Spring, MD 20001.

2. Defendant The Union Labor Life Insurance Company ("ULLICO Insurance") is a Maryland corporation, which represents that the location of its principal place of business is 8403 Colesville Road, Silver Spring, MD 20910.

3. Defendant ULLICO, Inc. ("ULLICO Holding") is a Maryland corporation, which represents that the location of its principal place of business is 8403 Colesville Road, Silver Spring, MD 20910.

4. Defendant ULLICO Management Company, Inc. ("ULLICO Management") is a Maryland corporation, which represents that the location of its principal place of business is 8403 Colesville Road, Silver Spring, MD 20910.

5. Defendant UnionCare, Inc. ("UnionCare") is a Maryland corporation, which represents that the location of its principal place of business 8403 Colesville Road, Silver Spring, MD 20910.

6. Defendant Edward Grebow, based on information and belief, is a citizen of Maryland. Grebow is the acting President of ULLICO Insurance, UnionCare, Inc. and ULLICO-Holding. He is sued in his personal and individual capacity, and in his capacity as an officer of Defendant corporations.

7. Defendant Mark Ernest Singleton, based on information and belief, is a Maryland citizen. Singleton is the Senior Vice President and Chief Financial Officer of ULLICO-Insurance. He is sued in his personal and individual capacity, and in his capacity as an officer of Defendant corporations.

8. Defendant Mark M. Hill is a Maryland citizen, who resides at 3527 Marcey Creek Road, Laurel, Maryland 20724-2912, and until recently he was the Associate Vice President of ULLICO Insurance. He is sued in his personal and individual capacity, and in his capacity as a former officer of ULLICO Insurance.

9. The claims asserted here are based on the D.C. Human Rights Act, D.C. Code §§ 2-1401.01 to 2-1411.06 (2001)("DCHRA".) Plaintiff was employed in the District of Columbia continuously for more than 14 years by Defendant corporations at their places of business in the District of Columbia.

10. Kensil filed a charge of discrimination based on age with the Equal Employment Opportunity Commission ("EEOC") and it was cross-filed with the D.C. Office of Human Rights

("OHR") on April 23, 2004, under the Worksharing Agreement between the EEOC and the OHR. The EEOC issued a Notice of Right to Sue on July 5, 2005, that was post-marked July 6, 2005.

## Factual Background

### Plaintiff Vincent Kensil

11. In November 1989, Kensil started his career an account executive in the direct marketing of insurance products. In 1995, he was appointed Assistant Vice President. He was discharged on December 31, 2003, and at that time had the title of Assistant V. P. at ULLICO and he also had the title of Assistant V.P. at ULLICO Management. And Kensil's place of business was 1325 Massachusetts Avenue, N.W., Washington, D.C. At all times relevant to this action, Kensil was based and worked in the District of Columbia at business offices maintained by Defendant corporations.

12. Kensil is a seasoned insurance professional who has worked in the insurance industry for more than 30 years. While employed by Defendant corporations for 14 years, he was a specialist in direct marketing.

13. Kensil graduated from Villanova University in 1965. He served as a 1st Lieutenant in the U.S. Army Special Forces from 1965 to 1969 and while serving in Vietnam he was awarded the Bronze Star.

14. From 1969, Kensil was employed as a regional sales manager for Mutual of Omaha, and from 1972 to 1975, he was Assistant Vice President for sales and marketing at the International Group Plans, Inc. He was President of KMS, Inc., a car warranty consulting firm from 1975 to 1980. From 1981 to 1982, Kensil was a product development manager for Bankers

Life & Casualty Company. From 1982 to 1986, Kensil worked for GEICO.

Defendant ULLICO Insurance

15. The Union Labor Life Insurance Company ("ULLICO Insurance"), which was founded in 1925, is a licenced insurer that is domiciled in Maryland, and it is authorized to engage in the business of an insurance company in the District of Columbia.

16. ULLICO Insurance operates under a service agreement with its subsidiaries and affiliates and provides the subsidiaries with personnel and facilities for conducting their businesses, and in return, the subsidiaries and affiliates reimburse ULLICO Insurance for all costs and operating expenses.

Defendant ULLICO Holding

17. ULLICO Holding, which was formed in 1987, is the parent corporation to ULLICO Insurance, and it is a licensed insurance holding company under Maryland law. ULLICO Holding files a consolidated federal and state tax return on behalf of itself and its subsidiaries including ULLICO Insurance.

18. Because the stock of ULLICO Holding is restricted, the stock is held only by international and national trade unions, their members, their members' benefit trusts and the directors and officers of ULLICO Holding.

19. The business activities of ULLICO Holding include a broad range of financial services that are marketed to labor unions and their members. The insurance products include life and health, managed care, property and casualty.

20. ULLICO Holding, which had more than 12 wholly-owned subsidiaries in 2001, has as its purpose the issuance and solicitation of life, health, property, and casualty insurance

and annuity contracts.

### Defendant ULLICO Management

21.     ULLICO Management provides management services to the subsidiaries of ULLICO Holding.

### Defendant UnionCare

22.     UnionCare, Inc., which is also a wholly-owned subsidiary of ULLICO Holding, marketed individual life and health insurance to union members through a network of independent insurance agents.

### Non-party Union Privilege

23.     Union Privilege, Inc. ("Union Privilege") is non-profit corporation that is organized under District of Columbia law. It markets financial products of the AFL-CIO and is the sole financial products marketing arm of the AFL-CIO.

### Non-party UnionSecure

24.     Under a venture known having the trade name "UnionSecure" (I) Union Privilege, Inc., which is controlled by the AFL-CIO, and (ii) ULLICO Insurance, which is controlled by ULLICO Holding, markets insurance products in cooperation with Hartford Financial Services Group, Inc. and its subsidiaries since 2004. The UnionSecure venture is staffed by employees of ULLICO Insurance and Union Privilege.

### Direct Evidence

25.     In the fall of 2002, soon after learning that he did not get a promotion to head up the new division of strategic development, Kensil was told by a Vice President of ULLICO Insurance that the reason he did not get the promotion was an "age thing." This event occurred

outside the one-year statute of limitations under the DCHRA.

The Events

26. In 2003, Kensil held the titles of Assistant Vice President of ULLICO Insurance and Assistant Vice President of UnionCare. Kensil's duties included direct marketing and sales; identification and development of marketing programs; and formulation and implementation of corporate strategic plans.

27. On November 13, 2003, the acting president of ULLICO Insurance, defendant Grebow, telephoned Kensil to tell him in blunt terms that his services of 14 years were no longer needed.

28. In early November 2003, defendant Hill, who had been previously seen at the offices of ULLICO Insurance for a short time, advised Kensil that he was taking over all of Kensil's marketing duties.

29. Defendant Hill assumed all day to day supervision of ULLICO Insurance's direct marketing groups, and he was given the title of "Assistant Vice President for Business Development." Hill, who was less than 40 years old at the time, replaced Kensil, who was 61 years of age. Kensil was kept on the payroll until December 31, 2003.

30. In May 2004, the Kensil's former marketing group was moved from its location at 1325 Massachusetts Ave. N.W. to 1125 15th Street, N.W. Hill took over all duties and responsibilities that had been Kensil's.

## COUNT I

### (Age Discrimination under the DC Human Rights Act)

31. Plaintiff repeats and incorporates by reference each of the allegations set forth in paragraphs 1 through 30.

32. Based on information and belief, Defendant corporations and individuals directly engaged in or aided and abetted acts of age discrimination against Kensil forbidden by the DCHRA, including termination.

33. When Kensil was terminated at age 61, he was replaced by an employee who was less than 40 years old.

34. Based on information and belief, Defendants committed the alleged acts intentionally, with malice, or with reckless indifference to and disregard of Kensil's protected rights, in light of the knowledge that these acts may be a violation of District law.

## COUNT II

### (Age Discrimination Based on Disparate Treatment)

35. Plaintiff repeats and incorporates by reference each of the allegations set forth in paragraphs 1 through 34.

36. Based on information and belief, Defendant corporations and individuals directly engaged in or aided and abetted acts of age discrimination based on disparate treatment in violation of the DCHRA, resulting in his termination.

37. Defendants committed the alleged acts intentionally, with malice, or with reckless indifference to and disregard of Kensil's protected rights, in light of the knowledge that these acts may be a violation of District law.

WHEREFORE, Plaintiff seeks judgment against all Defendants, jointly and severally, for (I) compensatory damages of $ 1,000,000 to include back pay, front pay, lost benefits,. (ii) punitive damages of $1,000,000, (iii) equitable relief in the form of a mandatory injunction ordering the rehiring of Plaintiff, (iv) injunctive relief baring Defendants from violating the age discrimination laws, and (v) the award of reasonable attorney's fees, and costs and expenses and such further and additional relief as the court may deem just and equitable.

November 28, 2005

Respectfully submitted,

C. Michael Tarone, Esquire
Bar No. 159228
Karl & Tarone
900 17th Street, NW, Suite 1250
Washington, D.C. 20006
(202) 293-3200

Counsel for Plaintiff
VINCENT KENSIL

### JURY DEMAND

Plaintiff herein hereby demands trail by jury on all issues so triable as a matter of law.

C. Michael Tarone

## CERTIFICATE OF SERVICE

I, C. Michael Tarone, hereby certify that on November 28, 2005, a copy of the foregoing First Amended Complaint was served electronically (if available), by facsimile, and by first class mail postage prepaid as follows:

Neal D. Mollen, Esquire
Paul P. Isa, Esquire
Paul, Hastings, Janofsky & Walker
875 15th Street, NW
Washington, DC 20005

_____
C. Michael Tarone