## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VINCENT J. KENSIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05 2261 ESH |
| | ) | |
| THE UNION LABOR LIFE INSURANCE | ) | |
| COMPANY, INC., *et al.*, | ) | ORAL ARGUMENT REQUESTED |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), corporate Defendants UnionCare, Inc.

("UnionCare"), ULLICO Inc. ("ULLICO Inc."), ULLICO Management Company, Inc.

("ULLICO Management") and individual Defendants Edward Grebow ("Grebow"), Mark

Singleton ("Singleton") and Mark Hill ("Hill") (sometimes referred to collectively as "Individual

Defendants") respectfully move the Court to dismiss all claims asserted by Plaintiff Vincent

Kensil ("Plaintiff") against them under the District of Columbia Human Rights Act ("DCHRA")

and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, as

amended.[1]  Defendants base their motion on the following reasons:

    1.    Plaintiff Fails To State Any Claims Against Defendants Singleton, Grebow, Hill,

UnionCare and ULLICO Inc.

    2.    Plaintiff Cannot Sue Individual Defendants Under The ADEA.

---

[1] Defendant The Union Labor Life Insurance Company concurrently, but separately, submits its Answer to Plaintiff's Complaint.  Plaintiff's Complaint refers to The Union Labor Life Insurance Company as "ULLICO Insurance."

3.    Plaintiff Failed To Timely Name Defendants UnionCare, ULLICO Inc., And

Individual Defendants As Parties To The EEOC Administrative Proceedings.

4.    Plaintiff Failed To Name Defendant ULLICO Management To The EEOC

Administrative Proceedings.


WHEREFORE, all claims against Defendants should be dismissed because Plaintiff fails

to state claims upon which relief may be granted.  In support of this Motion, Defendants submit

the attached Memorandum of Law.


                                        Respectfully submitted,



                                        _____/s/_____
                                        Neal D. Mollen (D.C. Bar #413842)
                                        John P. Isa (D.C. Bar #472212)
                                        PAUL, HASTINGS, JANOFSKY & WALKER, LLP
                                        875 Fifteenth Street, N.W.
                                        Washington, D.C.  20005
                                        (202) 551-1700

Dated:  November 29, 2005              Attorneys for Defendants

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VINCENT J. KENSIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05 2261 ESH |
| | ) | |
| THE UNION LABOR LIFE INSURANCE | ) | |
| COMPANY, INC., *et al.*, | ) | ORAL ARGUMENT REQUESTED |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

## I.     INTRODUCTION

This should be a straightforward case of alleged age discrimination, brought by Plaintiff

Vincent Kensil against his former employer, The Union Labor Life Insurance Company ("Union

Labor Life").[1] Plaintiff, however, has unnecessarily complicated this case by naming a host of

corporate entities and individuals against whom he has made no substantive allegations and

against whom, as a matter of law, he can have no viable claim.[2] Indeed, Plaintiff alleges

---

[1] Union Labor Life has concurrently and separately filed its Answer to Plaintiff's Complaint.
Plaintiff refers to Union Labor Life as "ULLICO Insurance" in his Complaint.

[2] The reality is that ULLICO Inc., which Plaintiff appears to call "ULLICO Holding", is the
parent corporation of several subsidiaries including UnionCare, ULLICO Management and
Union Labor Life, Plaintiff's former employer at the time of the alleged wrong. Plaintiff appears
to believe that because UnionCare, Inc., ULLICO Inc., ULLICO Management Company, Inc.
and Union Labor Life are related corporate entities, they are all somehow liable to him for his
claims. As discussed *infra*, this is not the law. *See Richard v. Bell Atl. Corp.*, 976 F. Supp. 40,
51 (D.D.C. 1997) (on motion to dismiss, dismissing subsidiary of corporation and holding that
plaintiffs failed to allege in their complaint that they were employees "discharged, disciplined or
otherwise wrongfully treated in the terms and conditions of his or her employment with" the
subsidiary). He also appears to believe that any entity that was a former employer before his
discharge, *e.g.*, UnionCare, is somehow liable. This is not the law either.

violations of the ADEA by three individuals even though that statute does not provide for individual liability.

Finally, Plaintiff is simply too late in asserting his claims against UnionCare, Inc. ("UnionCare"), ULLICO Inc. ("ULLICO Inc.") and ULLICO Management Company, Inc. ("ULLICO Management") (sometimes collectively referred to as "Corporate Movants"). Plaintiff filed his original charge with the EEOC on April 7, 2004, but he identified only Union Labor Life as the named Respondent. He filed an Amended Charge on January 21, 2005, adding the Corporate Movants and individual Defendants Edward Grebow ("Grebow"), Mark Singleton ("Singleton") and Mark Hill ("Hill") as Respondents, but that amendment came long after the one-year limitations period for a D.C. Human Rights Act claim (the longest applicable limitations period). For these reasons, the claims against Defendants UnionCare, ULLICO Inc., ULLICO Management, Grebow, Singleton and Hill fail to state claims upon which relief may be granted and should be dismissed.

## II.    STATEMENT OF FACTS[3]

### A.    Administrative Proceedings With EEOC

Plaintiff's termination claim accrued on November 13, 2003, when he was informed "very bluntly that his services [would] no longer [be] needed." Compl. ¶ 25. He filed his original, and timely, charge of discrimination ("Original Charge") with the D.C. Office Of Human Rights and the EEOC on or about April 7, 2004, *see* Ex. 1 (Original Charge). Compl. ¶ 22; 42 U.S.C. § 1626.7 (300 days to bring claim under ADEA); D.C. Code § 2-1403.16 (one-

---

[3] The following facts are drawn from the allegations of the Complaint and from public documents in the EEOC file for Plaintiff, Charge No. 100-2004-00466. As discussed *infra*, this Court may consider these EEOC documents as part of the pleadings in determining a motion to dismiss. For purposes of this motion only, the factual allegations of the Complaint are presumed to be accurate.

year to bring claim under DCHRA).[4]  This Original Charge, however, alleges age discrimination

under the ADEA only by Respondent Union Labor Life.  *See* Ex. 1.  None of the other

Defendants named in the Complaint in this case was named as a Respondent in the Charge, none

was served with notice of the Charge, and none was invited to mediate, conciliate, or otherwise

participate in the EEOC's proceedings in the matter.[5]  The sole Respondent to the Charge —

Defendant Union Labor Life —attempted conciliation with Plaintiff unsuccessfully,  and the

EEOC requested a position statement solely from Union Labor Life.  *See* Ex. 3 (August 23, 2004

EEOC Letter).

Plaintiff filed an amended charge ("Amended Charge") with the D.C. Office of Human

Rights and the EEOC on or about January 21, 2005.  This Amended Charge named the Corporate

Movants and individual Defendants Grebow, Singleton, and Hill as Respondents for the first

time.  *See* Ex. 4.[6]  This Amended Charge, however, failed to give these new Respondents timely

notice of Plaintiff's claim, as it came more than one year after the alleged discrimination.

By requesting a Notice of Right to Sue on June 23, 2005, Plaintiff's counsel unilaterally

ended the administrative process before the EEOC could issue a final determination.  *See* Ex. 5

---

[4] Other than the timing requirements under the ADEA and DCHRA, "[t]he same legal standards
apply to both the ADEA and DCHRA claims." *Goss v. George Washington Univ.*, 942 F. Supp.
659, 661 n.3 (D.D.C. 1996).

[5] Plaintiff was represented by his current counsel at least from May 12, 2004, just after the filing
of the Original Charge, and if not earlier. *See* Ex. 2 (May 12, 2004 Letter from C. Michael
Tarone, Plaintiff's current counsel).  This is a simple, verifiable fact of which this Court may
take judicial notice. Fed. R. Evid. 201.  Defendant submits this letter only for purposes of
demonstrating that Plaintiff was represented by counsel and, therefore, has redacted any
proposed settlement amounts from the letter.

[6] Defendant ULLICO Management was not named in either the Original Charge or in the
Amended Charge.

(July 5, 2005 letter from EEOC with attached Notice of Right To Sue (Issued on Request)). The Notice was issued on July 5, 2005. *See id.*

**B.    Facts Alleged In Plaintiff's Complaint**

1.    **General Allegations.** At the time of his discharge on December 31, 2003, Plaintiff was an Assistant Vice President of Defendant Union Labor Life and Defendant ULLICO Management, Compl. ¶ 22; both entities have their principle places of business in the District of Columbia. Compl. ¶ 7. Plaintiff baldly states that all named Defendants discriminated against him on the basis of his age and that his claims arise under the District of Columbia Human Rights Act ("DCHRA"), Compl. ¶¶ 34-37, and under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-34, as amended. Compl. ¶¶ 38-39 (ADEA).

2.    **Allegations About Defendant ULLICO Management.** Plaintiff names ULLICO Management as a Defendant and makes unsubstantiated allegations, for the first time in any proceedings relating to this case, that he was an Assistant Vice President of ULLICO Management at the time of his discharge. Compl. ¶ 22. Plaintiff makes no other allegations concerning ULLICO Management, nor does he name any individual in ULLICO Management that might have committed any wrongful act.

3.    **Allegations About Defendant Singleton.** Aside from merely identifying Defendant Singleton as the Senior Vice President and Chief Financial Officer of Union Labor Life, Compl. ¶ 5, Plaintiff fails to assert any facts at all regarding Defendant Singleton.

4.    **Allegations About Defendant UnionCare.** Plaintiff does not allege any discriminatory acts — or any acts at all — regarding Defendant UnionCare. The Complaint only alleges that (a) Defendant UnionCare is affiliated with Defendant Union Labor Life, Compl. ¶¶

7, 12; and (b) that, at some point in 2003, Plaintiff was its Assistant Vice President. Compl. ¶ 23. Plaintiff does not allege anywhere in the Complaint that he was employed by UnionCare at the time of his discharge.

5.    **Allegations About Defendant ULLICO Inc.**  Plaintiff does not allege any discriminatory acts — or any acts at all — regarding actions by Defendant ULLICO Inc. involving him and does not assert that he was employed by that Company.

6.    **Allegations About The Individual Defendants.**  The Complaint identifies each individual Defendant by position, but little else. Compl. ¶¶ 4-6. It alleges that Defendant Hill replaced Plaintiff in the position from which Plaintiff was terminated, but that fact, if true, does not create any liability for Defendant Hill. Compl. ¶ 27. It alleges that Defendant Grebow notified Plaintiff that he was being terminated, but not that Grebow made the decision to do so. Compl. ¶ 25. The Complaint makes no substantive allegations at all regarding Singleton.

## III.    ARGUMENT AND CITATION OF AUTHORITY

### A.    The Applicable Legal Standards

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint is to be "liberally construed in the plaintiff's favor, including any inferences derived from the factual allegations," *Slaby v. Fairbridge*, 3 F. Supp. 2d 22, 27 (D.D.C. 1998), but the Court "is not required to accept inferences unsupported by the facts" or "accept plaintiff's legal conclusions." *Slaby*, 3 F. Supp. 2d at 27. *See also Murphy v. PriceWaterhouseCoopers, LLP*, 357 F. Supp. 2d 230, 237-38 (D.D.C. 2004) (same). In its examination, the court may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117

5

F.3d 621, 624-26 (D.C. Cir. 1997).[7] In the end, the claims set forth in a complaint must be

dismissed if they are not legally cognizable. *See Slaby,* 3 F. Supp. 2d at 27.

**B.** **Plaintiff Fails To State Any Claims Against Defendants Singleton, Grebow, Hill, UnionCare, and ULLICO Inc.**

When a plaintiff fails to allege facts about a defendant, that defendant is entitled to

dismissal, even if the allegations are sufficient as to another defendant. *See, e.g., Playboy*

*Enters., Inc. v. Meese,* 746 F. Supp. 154, 158 (D.D.C. 1990) (dismissing several defendants who

"should not have been named as defendants in this action" because plaintiffs "failed to allege

facts that require that those defendants remain in the case"); *Packer v. Garret,* 735 F. Supp. 8, 10

(D.D.C. 1990) (same premise). Here, Plaintiff fails to set forth any facts that Singleton, Hill,

UnionCare,[8] or ULLICO Inc., wrongly discriminated against him on the basis of his age or that

any of these Defendants had any control over the decision to terminate his employment.

Similarly, his allegations as to Defendant Grebow are not materially more illuminating.

Although Grebow is alleged to have informed Plaintiff that he was to be terminated (Compl. ¶

25), he does not allege that Grebow actively played a role in making that decision — an essential

allegation if Grebow is to be kept in this lawsuit as an individual defendant. Even if Plaintiff

were able to prove every fact he has alleged in the Complaint, he would not be entitled to

---

[7] In assessing a motion to dismiss, this Court may properly consider the materials in the administrative files of the D.C. Human Rights Commission and the EEOC to determine (1) the filing dates of the Original Charge and Amended Charge; and (2) the parties named as Respondents in the Original Charge and Amended Charge. *See, e.g., Dollinger v. State Ins. Fund,* 44 F. Supp. 2d 467, 472 (N.D.N.Y. 1999) (EEOC filings are integral to claims in employment discrimination complaints, are matters of public record for which the court may take judicial notice and are not a surprise to plaintiff); *Greene v. Term City, Inc.,* 828 F. Supp. 584, 587 n.1 (N.D. Ill. 1993) (EEOC charge submitted by defendant deemed as part of pleadings because EEOC proceedings were mentioned in complaint and were central to plaintiff's claims).

[8] While Plaintiff claims to have been an Assistant Vice President of UnionCare in 2003, he does not claim to have been an Assistant Vice President at the time of his termination.

6

judgment against these individuals or entities, and, therefore, all claims against these Defendants

should be dismissed for failure to state cognizable claims. *See Murphy*, 357 F. Supp. 2d at 237-

38.

### C. Plaintiff Cannot Sue Individual Defendants Under The ADEA

The "ADEA does not provide for liability against individual defendants in their personal

capacities." *Murphy*, 357 F. Supp. 2d at 244 (dismissing claims against individual board

members of the company); *accord Martin v. Chemical Bank*, 129 F.3d 114, 1997 WL 701359, at

*3 (2d Cir. Nov. 10, 1997) ("we hold that individual supervisors may not be held personally

liable under the ADEA") (unpublished opinions attached as Ex. 6); *see also Smith v. Lomax*, 45

F.3d 402, 403 n.4 (11th Cir. 1995) (individuals, employed as chairman and commissioners of the

county "cannot be held liable under the ADEA or Title VII"); *Miller v. Maxwell's Int'l, Inc.*, 991

F.2d 583, 588 (9th Cir. 1993) (holding that ADEA does not permit claims against individuals and

affirming district court's decision that "[plaintiff's] claims against the defendants in their

individual capacities properly were dismissed for failure to state a claim"). Therefore, the

individuals Plaintiff has sued cannot be held liable under the ADEA regardless of whether they

were personally involved in the challenged employment decision. Plaintiff's ADEA claims

against the Individual Defendants must be dismissed.

### D. Plaintiff Failed To Timely Name Defendants UnionCare, ULLICO Inc., And Individual Defendants As Parties To The EEOC Administrative Proceedings[9]

Plaintiff did not name Defendant UnionCare, Defendant ULLICO Inc. or the individual

defendants as Respondents in his initial charge. He amended his Original Charge on January 21,

---

[9] Plaintiff cannot claim that the EEOC right to sue letter issued in this case establishes that his Amended Charge was timely filed because no such determination was made by the EEOC. *See*

(continued...)

2005, but by that time the DCHRA's one-year limitations period (the longest applicable to this case) had expired. A plaintiff cannot amend his charge to add new parties after the expiration of the period of limitations. *See, e.g., Webb v. Int'l Bhd. of Elec. Workers*, No. Civ. A. 04-3613, 2005 WL 2373869, at *7 (E.D. Pa. Sept. 23, 2005) (relation back provisions of 29 C.F.R. § 160.12(b) and 29 C.F.R. § 1628.8(c) do not include amending the charge to add a new respondent) (slip copy); *Fuchilla v. Prockop*, 682 F. Supp. 247, 256 (D.N.J. 1987) ("[f]ailure to name a party is not included among those 'technical defects or omissions' for which a charge may be amended"); *Ridgeway v. Int'l Bhd. of Elec. Workers, Local No. 134*, 466 F. Supp. 595, 598 (N.D. Ill. 1979) ("although EEOC regulations provide for amendment with relation back they do not allow an untimely amendment to name a new defendant"). Thus, Plaintiff's claims against Defendants UnionCare and Defendant ULLICO Inc. and the Individual Defendants are barred and must be dismissed.

## E. Plaintiff Failed To Name Defendant ULLICO Management To The EEOC Administrative Proceedings

"[A] plaintiff may bring a Title VII action only 'against the respondent named in the [administrative] charge.'" *Thompson v. Int'l Ass'n of Machinists & Aerospace Workers*, 580 F. Supp. 662, 669 (D.D.C. 1984) (citing 42 U.S.C. § 2000e-5(f)(1)). *Accord EEOC v. Metzger*, 824 F. Supp. 1, 4 (D.D.C. 1993) ("[t]he general rule is that individuals not named in the EEOC charge may not be sued in a subsequent civil action . . . ."). "[T]he reason behind the requirement that allegations not contained in an EEOC charge cannot be contained in the complaint is that the defendant must have notice of the charge, and the EEOC must have the opportunity to investigate and conciliate the charge, in order to attempt to obtain voluntary

---

(...continued)
*Dorn v. General Motors Corp.*, 131 Fed. Appx. 462, 471 (6th Cir. 2005) ("form letter contains
(continued...)

compliance with Title VII." *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989).

Actual notice requires that a defendant have notice of the "charges against *it.*" *Schnellbaecher*, 887 F.2d at 127 (emphasis in original). It is not enough that an individual or entity unnamed in the Charge be aware that a Charge had been filed against someone else, even when a related corporate entity was named. *See id.* (not enough notice for parent company even though the parent knew of the charges against subsidiary).

An exception to this statutory requirement exists where the unnamed party in an administrative proceeding has been "given actual notice of the EEOC proceeding or ha[s] an identity of interest with the party or parties sued before the EEOC." *Metzger*, 824 F. Supp. at 4 (referring to the identity of interest test set forth by *Glus v. G.C. Murphy*, 562 F.2d 880, 888 (3d Cir. 1977)). That is, where there is a sufficient identity of interest exists between the unnamed and named entities, the unnamed individual or entity effectively *had* notice of the proceeding, and had an opportunity to mediate the claims.

Plaintiff has the burden to show that the individuals and entities Plaintiff did not name in his Original Charge have a sufficient identity of interest with the sole entity named in the Original Charge — Union Labor Life — that the opportunity given to Union Labor Life to mediate the dispute effectively *was* an opportunity for these other individuals and entities. This test requires consideration of the following factors:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained [by the plaintiff] at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation

---

(...continued)

no statement that the EEOC found the plaintiffs' charge timely").

9

LEGAL_US_E # 70268028.1

and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Johnson v. Palma,* 931 F.2d 203, 209-10 (2d Cir. 1991) (citing *Glus,* 562 F.2d at 888).[10]

None of these factors favor an exception in this case. (1) Plaintiff worked for Union Labor Life for 14 years (Compl. ¶ 22); he plainly had the opportunity to obtain whatever information he needed to frame a proper Charge. (2) The unnamed entities all have defenses that materially distinguish their position from that of Union Labor Life. Union Labor Life was, in fact, Plaintiff's employer and would be directly and indisputably responsible for any alleged unlawful discrimination. The other entities are not subject to suit at all under the ADEA, and even Plaintiff does not allege facts that would support liability against entities other than Union Labor Life. (3) Because of the facts listed in (2), claims against the Defendants other than Union Labor Life would have had little or no value, would likely have been the subject of early No Probable Cause determinations or jurisdictional dismissals, or could have been disposed of for nominal sums. Because these Defendants were not made respondents on a timely basis, none of Defendants except for Union Labor Life had the opportunity to press those issues in mediation. (4) No such representations were made or are alleged here.

---

[10] The Sixth Circuit has set forth a similar test in determining whether to toll the requirement for untimely claims: "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing [the plaintiff's] rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement." *Weigel v. Baptist Hosp.,* 302 F.3d 367, 376 (6th Cir. 2002). None of these factors can be met by Plaintiff, especially in light of the fact that he was represented by counsel during the EEOC proceedings.

10

The "identity of interest" exception is intended to protect parties "'not versed in the vagaries of Title VII and its jurisdictional and pleading requirements.'" *Tarr v. Credit Suisse Asset Mgmt.*, 958 F. Supp. 785, 794 (E.D.N.Y. 1997) (citing *Johnson*, 931 F.2d at 209). Such an exception is not available to claimants who are represented by counsel during the administrative proceedings. *See Thompson*, 580 F. Supp. at 669 (requirement to name respondent in charge may sometimes be modified for procedural errors "on the part of complainants unrepresented by counsel," but no such modification is required of complainants who are represented by counsel and who were well aware of additional parties that had relationships to the claim but who were not timely named). *Accord Tarr*, 958 F. Supp. at 794 ("as a threshold matter, the exception 'only applies where the plaintiff [was] not represented by counsel' at the time of the EEOC filing") (citing *Sharkey v. Lasmo*, 906 F. Supp. 949, 954 (S.D.N.Y. 1995)).

## IV.    CONCLUSION

Plaintiff fails to state claims upon which relief may be granted with regard to Defendants UnionCare, ULLICO Inc., ULLICO Management and individual Defendants Grebow, Singleton and Hill and, therefore, these Defendants must be dismissed.

Respectfully submitted,

_____/s/_____
Neal D. Mollen (D.C. Bar #413842)
John P. Isa (D.C. Bar #472212)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700

Dated: November 29, 2005          Attorneys for Defendants

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November, 2005, a copy of the foregoing Motion to Dismiss and Memorandum of Law in Support of Defendants' Motion to Dismiss was sent via this Court's electronic filing system, as well as by first class, postage-prepaid U.S. Mail to:

C. Michael Tarone
Karl & Tarone
900 17th Street, N.W., Suite 1250
Washington, D.C. 20006
cmtarone@aol.com
(202) 293-3200

_____/s/_____
John P. Isa

LEGAL_US_E # 70268028.1