IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VINCENT J. KENSIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05 2261 ESH |
| | ) | |
| THE UNION LABOR LIFE INSURANCE | ) | |
| COMPANY, INC., *et al.*, | ) | ORAL ARGUMENT REQUESTED |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT THE UNION LABOR LIFE INSURANCE COMPANY'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

This Answer is submitted on behalf of corporate Defendant The Union Labor Life Insurance Company ("Defendant" or "Union Labor Life")[1] in response to Plaintiff Vincent Kensil's ("Plaintiff" or "Kensil") Complaint.[2] Defendant hereby answers the Complaint as follows:

**Parties and Jurisdiction**

1. In response to Paragraph 1 of Plaintiff's Complaint, Defendant admits that, based upon the most recent information available to it, Plaintiff is a Maryland citizen who resides at 10105 Brunette Avenue, Silver Spring, Maryland 20001.

---

[1] Plaintiff's Complaint refers to Union Labor Life as "ULLICO Insurance."

[2] Defendants UnionCare, Inc., ULLICO Inc., ULLICO Management Company, Inc., Edward Grebow, Mark Singleton and Mark Hill have filed a Motion To Dismiss concurrently and separately with this Answer. The motion seeks to dismiss the claims against these Defendants entirely.

2. In response to Paragraph 2 of Plaintiff's Complaint, Defendant admits that it is a Maryland corporation. Defendant denies the remaining factual allegations in Paragraph 2.

3. In response to Paragraph 3 of Plaintiff's Complaint, Defendant admits that UnionCare, Inc. ("UnionCare") is a Maryland corporation. Defendant denies that UnionCare's principal place of business is at 111 Massachusetts Avenue, NW Washington, DC 20001-1461.

4. In response to Paragraph 4 of Plaintiff's Complaint, Defendant admits that Defendant Edward Grebow is the President of Union Labor Life, UnionCare and ULLICO Inc. Defendant denies the remaining factual allegations in Paragraph 4. The last sentence of Paragraph 4 is a legal conclusion to which no response is required. To the extent a response is deemed required, same is denied.

5. In response to Paragraph 5 of Plaintiff's Complaint, Defendant admits that Defendant Mark Ernest Singleton is a Maryland citizen and is the Senior Vice President and Chief Financial Officer of Union Labor Life. Defendant denies the remaining factual allegations in Paragraph 5. The last sentence of Paragraph 5 is a legal conclusion to which no response is required. To the extent a response is deemed required, same are denied.

6. In response to Paragraph 6 of Plaintiff's Complaint, Defendant admits that, based upon the most recent information available to it, Defendant Mark Hill is a Maryland citizen and resides at 3527 Marcey Creek Road, Laurel, Maryland 20724-2912. Defendant denies the remaining factual allegations in Paragraph 6. The last sentence of Paragraph 6 is a legal conclusion to which no response is required. To the extent a response is deemed required, same is denied.

7. In response to Paragraph 7 of Plaintiff's Complaint, Defendant admits that the Superior Court for the District of Columbia had subject matter jurisdiction of the claims in this action that arise under D.C. Code § 13-423(a)(1) and (3) and § 2-1401.01-2-1411.06, of the District of Columbia Human Rights Act ("DCHRA") but avers that it has Removed this action to this Court under 28 U.S.C. § 1141 and Fed. R. Civ. P. 81. Defendant denies the remaining factual allegations in Paragraph 7. The last two sentences of Paragraph 7 are legal conclusions to which no response is required. To the extent a response is deemed required, same are denied.

## Factual Background

### ULLICO

8. Defendant admits the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendant does not have knowledge or information about an entity named "ULLICO Holding", and therefore denies that such an entity exits. To the extent that Plaintiff intends by "ULLICO Holding" to refer to ULLICO Inc., Defendant admits that ULLICO Inc. was formed in 1987 and serves as the parent corporation to Defendant. Defendant also admits that ULLICO Inc. is a holding company. Defendant further admits that ULLICO Inc. files a consolidated federal and state tax return on behalf of its subsidiaries, which include Defendant. Defendant also admits that ULLICO Inc. has fewer than 500 shareholders. Defendant denies the remaining factual allegations in Paragraph 9. Defendant also avers that whether ULLICO Inc. is a holding company under Maryland law is a legal conclusion to which no response is required. To the extent a response is deemed required, same is denied.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that ULLICO Management provides certain services to and for the benefit of the subsidiaries of ULLICO Inc. Defendant denies the remaining factual allegations in Paragraph 11.

12. In response to Paragraph 12 of Plaintiff's Complaint, Defendant admits that UnionCare is a wholly-owned subsidiary of ULLICO Inc. Defendant denies the remaining factual allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the allegations in Paragraph 14 of Plaintiff's Complaint as they pertain to ULLICO Inc.

15. Defendant denies the allegations in the Paragraph 15 of Plaintiff's Complaint as they pertain to ULLICO Inc. Defendant admits that the subsidiaries of ULLICO Inc. engage in some of these business activities.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint, and the same are therefore denied.

17. Defendant admits that UnionSecure is a trade name for a business arrangement involving Union Privilege, Inc. and Union Labor Life. Defendant further admits that UnionSecure markets insurance products. Defendant also admits that the operations of UnionSecure began on or about January 2004. Defendant denies the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the factual allegations in Paragraph 18 of Plaintiff's Complaint. Paragraph 18 also contains a legal conclusion to which no response is required. To the extent a response is deemed required, same are denied.

**Vincent Kensil**

19. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and the same are therefore denied.

20. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint, and the same are therefore denied.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and the same are therefore denied.

22. Defendant admits that Plaintiff was hired by Union Labor Life as an account executive in November 1989. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint, and the same are therefore denied.

23. Defendant admits that Plaintiff held the titles of Assistant Vice President of Union Labor Life and Assistant Vice President of UnionCare at some point during 2003. Defendant denies the remaining factual allegations in Paragraph 23.

24. Defendant admits that Plaintiff's duties, just before his termination, involved direct marketing, sales and marketing programs. Defendant denies the remaining factual allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Defendant admits that in early November 2003, Plaintiff's place of business was 1325 Massachusetts Avenue, N.W., Washington, DC. Defendant denies that Hill "advised Kensil that he was taking over all of Kensil's marketing duties." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint, and the same are therefore denied.

27. Defendant admits that Hill was given the title of Assistant Vice President, Business Development. Defendant denies the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant admits that Plaintiff was on Defendant's payroll until December 31, 2003. Defendant denies the remaining allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint, and the same are therefore denied.

31. Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

32. Defendant admits that Hill used the title of Chief Operating officer. Defendant denies the remaining allegations in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

## COUNT I

### (Age Discrimination under the DC Human Rights Act)

34. Defendant incorporates and restates each of its responses to Paragraphs 1-33 of Plaintiff's Complaint, as set forth in full herein.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

## COUNT II

### (Age Discrimination Under the DCHRA)

### (Age Discrimination Based on Disparate Impact under the DC Human Rights Act)

36. Defendant repeats and incorporates by reference each of the allegations set forth in Paragraphs 1-35.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

## COUNT III

### (Age Discrimination Under the ADEA)

38. Defendant repeats and incorporates by reference each of the allegations set forth in Paragraphs 1-37.

39.     Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

Defendant denies that Plaintiff is entitled to any of the relief identified in the last paragraph, beginning with "WHEREFORE", on page 9 of 10 of Plaintiff's Complaint.

Except as expressly admitted herein, Defendant denies each and every allegation set forth in Plaintiff's Complaint and demands strict proof thereof.

## **DEFENDANT'S DEFENSES**

1.      Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims for relief are barred if and to the extent they were not filed within applicable statutes of limitations.

3.      Plaintiff's claims for relief are barred if and to the extent they were not exhausted with the appropriate administrative agency.

4.      Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of estoppel and unclean hands.

5.      Plaintiff's Complaint is barred, in whole or in part, to the extent it contains allegations and claims which exceed or are inconsistent with those contained in the administrative charge of discrimination filed by Plaintiff.

6.      Defendant's actions with regard to Plaintiff were taken, made, and done in good faith and for legitimate, non-discriminatory, non-retaliatory, job-related business reasons.  To the

extent actions were taken by any agent of Defendant in violation of the ADEA or the DCHRA, which is expressly denied, such actions would have been in violation of Defendant's policies and contrary to express instructions. Defendant has at all relevant times engaged in good faith efforts to comply with applicable laws and otherwise acted within the scope of the exceptions to vicarious liability for punitive damages enumerated by the Supreme Court in <u>Kolstad v. American Dental Association</u>, 527 U.S. 526 (1999).

7. The Complaint is barred, in whole or in part, to the extent that it is alleged and unproven that anyone with supervisory authority over Plaintiff engaged in unlawful discrimination, which is specifically denied, because (a) Defendant exercised reasonable care to prevent and correct any such discriminatory, if any occurred, and (b) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant, or to otherwise avoid the harm he alleges in this action.

8. The Complaint, and each purported cause of action contained therein, is barred and fails to state facts sufficient to constitute a cause of action against Defendant to the extent that the injuries and damages allegedly incurred by Plaintiff were not the result of any acts, omissions or other conduct of Defendant, its agents, representatives or employees.

9. Plaintiff's claims for relief are limited if and to the extent he failed to mitigate or otherwise failed to act to lessen or reduce any of the damages alleged in the Complaint.

10. Plaintiff lacks a good faith factual basis for his claims in whole or in part, thereby entitling Defendant to an award of attorneys' fees, costs and expenses incurred in defending this action.

11. Plaintiff is not entitled to recover punitive damages from Defendant because Plaintiff has failed to allege facts sufficient to show, by clear and convincing evidence, that Defendant acted with malicious or reckless indifference to Plaintiff's rights or committed any knowing, wanton, intentional, or malicious act.

12. Defendant reserves the right pending the completion of discovery to assert any additional defenses which may exist.

WHEREFORE, having fully answered and responded to the allegations of the Complaint, Defendant respectfully requests that:

Plaintiff's claims be dismissed with prejudice in their entirety;

Each and every prayer for relief contained in the Complaint be denied;

Judgment be entered in favor of Defendant;

All costs, including reasonable attorneys' fees, be awarded to Defendant and against Plaintiff pursuant to applicable laws; and

Defendant be awarded such other and further relief as this Court may deem just and proper.

Respectfully submitted,

_____/s/_____
Neal D. Mollen (D.C. Bar #413842)
John P. Isa (D.C. Bar # 472212)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
875 15th Street, NW
Washington, DC 20005
(202) 551-1738

Dated: November 29, 2005          Attorneys for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of November, 2005, a copy of the foregoing Defendant The Union Labor Life Insurance Company's Answer and Defenses to Plaintiff's Complaint was sent via this Court's electronic filing system, as well as by first class, postage-prepaid U.S. Mail to:

C. Michael Tarone
Karl & Tarone
900 17th Street, N.W., Suite 1250
Washington, D.C. 20006
cmtarone@aol.com
(202) 293-3200

                                                                /s/_____
                                                              John P. Isa