## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VINCENT J. KENSIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05 2261 ESH |
| | ) | |
| THE UNION LABOR LIFE INSURANCE | ) | |
| COMPANY, INC., *et al.*, | ) | ORAL ARGUMENT REQUESTED |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

I.    **INTRODUCTION**

Plaintiff's Motion To Remand represents a retreat from a strategy gone awry:

> When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment *before* the case is jockeyed from state court to federal court and back to state court. ***The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation*** [by the] ***plaintiff . . . cannot be condoned***.

*Prince v. Rescorp Realty*, 940 F.2d 1104, 1105 n.2 (7th Cir. 1991) (emphasis added; brackets in original) (quoting with approval *Austwick v. Board of Educ.*, 555 F. Supp. 840, 842 (N.D. Ill. 1983)).[1]

---

[1] *Accord Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985) (citing *Austwick*); *Bennett v. Beiersdorf, Inc.*, 889 F. Supp. 46, 48-49 (D. Conn. 1995) (citing *Boelens* and *Austwick*).

Plaintiff brought this action in Superior Court for the District of Columbia and alleged claims under the District of Columbia Human Rights Act ("DCHRA") and the federal Age Discrimination in Employment Act ("ADEA").  When he filed his Complaint, he obviously understood that the latter claim would give the Defendants he had sued an *absolute statutory right* to remove the action to federal court.  When Defendants availed themselves of that right, however, and moved to dismiss various frivolous aspects of that Complaint, Plaintiff began a tactical retreat, filing (a) an Amended Complaint that deleted the federal claim he had been pursuing for 21 months; and (b) a motion to remand the action to the Superior Court, in which he presumably believes he will find a more receptive audience.

That is not the way the system should work.  Although federal law undeniably gives the Court the discretion to remand as Plaintiff asks, he has articulated no cognizable reason for doing so.  Rather, the Supreme Court has explicitly directed that district courts facing such tactical gamesmanship "should take this behavior into account in determining whether the balance of factors to be considered . . . support a remand in the case."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).  Plaintiff made an informed election when he chose to sue under the ADEA, and that election has consequences.[2]  The removal statute does not provide for the "mulligan" to which Plaintiff apparently believes he is entitled.

---

[2]Significantly, the charge of discrimination Plaintiff filed with the EEOC specifically alleged that he had been "discriminated against because of my age, 61 years, in violation of the Age Discrimination in Employment Act," but makes no mention whatsoever of the DCHRA.  *See* Ex. 1 (Original EEOC Charge) and Ex. 2 (Amended EEOC Charge).

II.    **ARGUMENT**

A.    **This Court Has Jurisdiction Over This Case And Has The Discretion To Retain Jurisdiction**

Plaintiff's Motion concedes that Defendants properly removed this case. Motion at 1-2 ("The removal was well grounded."). The Motion asserts that he had an absolute right to file his Amended Complaint withdrawing the federal claim, Motion at 2, 5, and that proposition is not disputed. Plaintiff appears to argue, however, that by amending the complaint in this fashion, he can "eliminate federal question jurisdiction." Motion at 7.

If that, indeed, is what Plaintiff contends, he is mistaken. "Once a case is properly removed, a plaintiff may not amend the complaint solely to defeat federal jurisdiction." *Zuurbier v. Medstar Health, Inc.*, 306 F. Supp. 2d 1, 5 (D.D.C. 2004); *see also* 3 Moore's Federal Practice, § 15.16[5] (Matthew Bender 3d ed. 2005) ( "Once an action has been removed, a plaintiff may not amend the complaint so as to eliminate the federal claim on which removal was based in order to defeat jurisdiction"). "When a defendant removes a case to federal court, whether the federal court possesses jurisdiction over that case is determined by examining the face of the complaint and only the face of the complaint at the time of removal." *Zuurbier*, 306 F. Supp. 2d at 4. *See also Slaughter v. Howard Univ.*, No. 97-7125, 1998 WL 700152, at *1 (D.C. Cir. July 10, 1998) ("[w]hether subject matter exists is determined by looking to the complaint at the time . . . removal was filed") (unpublished cases attached hereto as Ex. 3); *Xactron Mgmt., Ltd. v. Kreepy Krauly U.S.A., Inc.*, 696 F. Supp. 1465, 1466 (S.D. Fla. 1988) ("Where a cause of action is properly removed on the basis of federal question, Plaintiff cannot unilaterally act to divest a court of jurisdiction by deleting the federal element.").

B.    <u>**The Relevant Factors Favor Retention Of This Case**</u>

This Court has the discretion to retain this case or return it to the Superior Court.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Mitchell v. Yates*, No. Civ. A. 05-0332JDB, 2005 WL 3200750, at *9 (D.D.C. Oct. 18, 2005) (in case where there was no forum shopping, remand ordered after all federal claims dismissed); *Zuurbier*, 306 F. Supp. 2d at 5 (court can remand at its discretion if federal claims are removed); *see also Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210-11 (6th Cir. 2004) (affirming district court's decision to retain case after federal claims were dismissed).  In making this determination, the Court should balance a number of factors, including economy, fairness, convenience and comity.[3]  *Id.*

Of particular importance in *this* case, however, is the *reason* behind the remand motion.  When a plaintiff tries to have it both ways — pleading a federal cause of action in state court as a means to recover, but deleting the claim after it leads to removal — the Supreme Court has directed that district courts consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case.  "If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand . . . ."  *Harper*, 392 F.3d at 211 (quoting *Carnegie-Mellon Univ.*, 484 U.S. at 357).  As noted earlier, "[i]f a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment **before** the case is jockeyed from state court to federal court and back to state court."[4]

---

[3] Federal courts cannot remand based on an overburdened docket.  *See Carnegie-Mellon Univ.*, 484 U.S. at 356.

[4] *Prince*, 940 F.2d at 1105 n.2 (emphasis added) (quoting with approval *Austwick,* 555 F. Supp. at 842).  *Accord Boelens*, 759 F.2d at 507 (citing *Austwick*); *Bennett*, 889 F. Supp. at 48-49 (citing *Boelens* and *Austwick*).

The courts in this district have taken a similarly dim view of this sort of tactical manipulation and have refused to sanction this sort of forum shopping. *Zuurbier*, 306 F. Supp. 2d at 4-6 (denying motion to remand after federal claims were dropped by plaintiff and granting defendant's motion to dismiss); *see also Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 50, 57 (D.D.C. 2003) (court retained jurisdiction in diversity case and held that "[p]laintiffs . . . cannot amend their complaint in order to fall below the amount-in-controversy required by the diversity statute").

C.      **Plaintiff Offers No Meaningful Reason For Remand**

Plaintiff has not argued that the interests of economy, fairness, or convenience favor remand, and, indeed, there would be no basis for making such an argument. Rather, Plaintiff argues that "[c]omity dictates that . . . novel issues [posed in the case regarding the applicable statute of limitations] be addressed by the local courts." Motion at 8. The assertion rests on several errors.

First, Plaintiff could have ensured that the "local courts" resolved any "novel" questions of local law by framing a complaint that would not have been subject to removal. As *Prince* correctly notes, the time to have made this strategic decision was *before* the Complaint was filed, not after it had been removed.

Second, Plaintiff apparently believes that the DCHRA is so alien to the federal courts, and the statute so different from the federal ADEA, as to handicap this Court in parsing through the local statute's requirements. The assertion seems rather remarkable, as the great majority of the reported cases decided under the DCHRA have been decided in the *federal* courts, and not

the "local" ones.[5]  *See*, *e.g.*, *Paquin v. Fannie Mae*, 119 F.3d 23, 31 n.9 (D.C. Cir. 1997) (ADEA

case law on retaliation applies to DCHRA claims of retaliation); *Coleman v. Potomac Elec.*

*Power Co.*, No. 04-7043, 2004 WL 2348144 (D.C. Cir. Oct. 19, 2004) (affirming district court

decision exclusively under DCHRA that claims were time barred); *Campbell v. Nat'l Educ.*

*Ass'n*, No. 99-7122, 2000 WL 1584589, at *1 (D.C. Cir. Oct. 3, 2000) (deciding case exclusively

under DCHRA, including statute of limitation issues).  The Superior Court may be entirely

capable of adjudicating Plaintiff's claims, but Plaintiff suggests no reason why this Court is not

able to do so.

     Moreover, if there were, indeed, questions of first impression posed in this case, the

District of Columbia courts, including the D.C. Court of Appeals, would likely turn to *federal*

precedent under the ADEA to resolve them, as it has repeatedly done in the past.  *See*, *e.g.*,

*Arthur Young & Co. v. Sutherland*, 631 A.2d 354, 361 n.17 (D.C. 1993) (Court of Appeals has

often looked to cases construing Title VII "to aid us in construing the D.C. Human Rights Act.

The anti-discrimination provisions of both statutes are substantially similar. . . .  [W]e shall cite

as authority federal cases arising under the federal act in interpreting similar provisions of the

DCHRA").

     Plaintiff's argument in this regard is particularly weak in the context of *this* case, as the

federal judge assigned to the matter served as a Judge on the Superior Court bench for

approximately nine years before being nominated to the bench of this Court.  Even if one were to

presume that Superior Court judges possess some unique powers of statutory interpretation

---

[5] A LEXIS search performed on December 28, 2005 for "human rights act w/20 (d.c. or dc or
(district w/3 columbia)) produced a combined 294 reported cases in this Court and the United
States Court of Appeals for the District of Columbia and 115 cases in the District of Columbia
Court of Appeals, the only court of record in the District system.

enabling them alone to decide DCHRA questions of first impression, Plaintiff cannot believe that those powers ebb immediately upon nomination to the federal bench.

Third, there are no thorny issues of first impression under the DCHRA must imminently be decided in this case. Plaintiff invites the Court to take a peek — but just a peek — at the merits of the pending Motion to Dismiss to confirm these issues exist.

As noted in Defendant's pending Motion to Dismiss — the Motion Plaintiff plainly does not want this Court to decide — Plaintiff has failed to allege a *single* fact suggesting that *any* of the individual Movant-Defendants did *anything* that might make them liable under the DCHRA. Under either the Federal Rules or their Superior Court counterparts (which are identical in all material respects), when a plaintiff fails to allege facts about a defendant sufficient to state a claim, that defendant is entitled to dismissal.[6] And Plaintiff failed to name *any* of these Movants in *any* timely charge, under either the ADEA or the DCHRA, before any administrative agency (the Office of Human Rights or the EEOC). The failure to name a respondent in a timely charge is fatal to claims under *either* statute, in *either* court system.[7] There are no novel issues presented by Defendants' Motion to Dismiss, and no novel questions for any court to resolve.

---

[6] *See*, *e.g., Playboy Enters., Inc. v. Meese*, 746 F. Supp. 154, 158 (D.D.C. 1990) (dismissing several defendants who "should not have been named as defendants in this action" because plaintiffs "failed to allege facts that require that those defendants remain in the case"); *Packer v. Garret*, 735 F. Supp. 8, 10 (D.D.C. 1990) (same premise). *See also* Motion To Dismiss First Am. Compl. at 7.

[7] *See Thompson v. Int'l Ass'n of Machinists & Aerospace Workers*, 580 F. Supp. 662, 669 (D.D.C. 1984) ("a plaintiff may bring a Title VII action only 'against the respondent named in the [administrative] charge'") (citing 42 U.S.C. § 2000e-5(f)(1)). *Accord EEOC v. Metzger*, 824 F. Supp. 1, 4 (D.D.C. 1993) ("[t]he general rule is that individuals not named in the EEOC charge may not be sued in a subsequent civil action . . . ."); *Brown v. Nat'l Acad. of Scis.*, 844 A.2d 1113, 1117 (D.C. 2004) ("claim for employment discrimination filed under the DCHRA must be filed within one year after the date of the adverse employment action, or within one year after the time that the plaintiff knew or should have known that the employment action was undertaken for an unlawful purpose . . . .); D.C. Code § 2-1403.04(a) (2005) ("The complaint

(continued...)

III.    **CONCLUSION**

Plaintiff has engaged in manipulative forum shopping.  This Court should not reward

such tactics by granting the motion to remand.  The motion should be denied, jurisdiction in this

Court should be retained and this Court should decide Defendants' Motion to Dismiss Plaintiff's

First Amended Complaint which has already been filed.

In the event that the motion to remand is granted, this Court should award reasonable

attorneys fees and costs incurred by Defendants for the expenses incurred during this case's

sojourn to federal court.

Respectfully submitted,

_____/s/_____
Neal D. Mollen (D.C. Bar #413842)
John P. Isa (D.C. Bar #472212)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
875 Fifteenth Street, N.W.
Washington, D.C.  20005
(202) 551-1700

Dated:  January 3, 2006                    Attorneys for Defendants

_____

(...continued)

shall state the name and address of the person alleged to have committed the violation,
hereinafter called the respondent, and shall set forth the substance thereof . . . .  Any complaint
under this chapter shall be filed with the Office within 1 year of the occurrence of the unlawful
discriminatory practice, or the discovery thereof . . . .").  *See also* Motion to Dismiss First Am.
Compl. at 8-11.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of January, 2006, a copy of the foregoing Defendants' Opposition to Plaintiff's Motion to Remand was sent via this Court's electronic filing system, as well as by first class, postage-prepaid U.S. Mail to:

C. Michael Tarone
Karl & Tarone
900 17th Street, N.W., Suite 1250
Washington, D.C.  20006
cmtarone@aol.com
(202) 293-3200

_____/s/_____
John P. Isa